Jen **WORTHINGTON**, Appellant,

v.

James **KENKEL** and Kevin Techau, Appellees.

No. 03–0176.

Supreme Court of Iowa.

July 21, 2004.

Carlton G. Salmons of Gaudineer, Comito & George, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jeffrey D. Farrell, Assistant Attorney General, for appellees.

CADY, Justice.

This appeal requires us to examine the role of the district court when presented with a petition for injunctive relief specifically authorized by a statute. Appellant sought an injunction under Iowa Code section 70A.28 (2003) to prevent her discharge from her employment. The district court, exercising its equitable powers, dismissed the petition after determining appellant had an adequate remedy at law under section 80.15. Upon our review, we reverse the district court order and remand the case for further proceedings.

## I. Background Facts and Proceedings.

This action was commenced on September 11, 2002, when Jen Worthington (Worthington) filed a petition in district court

for injunctive relief. The petition alleged Worthington was employed as a fire prevention supervisor in the office of the state fire marshal, a division of the department of public safety. She sought to enjoin Assistant State Fire Marshal James Kenkel (Kenkel) and State Commissioner of Public Safety Kevin Techau (Techau) from terminating her employment. Worthington was a longtime employee of the office.

Worthington believed she was about to be terminated from her employment after commissioner Techau issued an order temporarily suspending her from her duties with pay. The suspension was based on an allegation that she filed false reports. Worthington claimed records in the office had been altered by other employees to make it appear as if she had filed false fire safety reports with state and federal agencies. She believed the termination was in retaliation for reporting what she believed was a romantic relationship between a supervisor and a subordinate employee.

Kenkel and Techau moved to dismiss the petition. Although they acknowledged that public employees are authorized by statute to seek an injunction to prevent a retaliatory discharge, they claimed injunctive relief was not available to Worthington under the allegations of her petition because she had a statutory right to a pretermination hearing under another statute.

The district court dismissed the petition. It found the traditional equitable principles governing the issuance of injunctions, including the requirement of no adequate remedy at law, applied to injunctions authorized by statute. It held Worthington was not entitled to injunctive relief as a matter of law because the statutory pretermination hearing provisions provided her an adequate legal remedy.

Worthington appeals. She claims the availability of a pretermination hearing under one statute does not affect her statuto-ry right to seek injunctive relief under another statute. Additionally, she requests that the district court be directed to award her attorney fees incurred in pursuing this appeal.

## II. Scope of Review.

A petition for injunctive relief traditionally invokes the court's equitable jurisdiction, and our review is de novo. *E. Oaks Dev., Inc. v. Iowa Dep't of Transp.*, 603 N.W.2d 566, 567 (Iowa 1999). However, the issue presented on appeal in this case concerns the legal requirements for the issuance of an injunction, and the issue arose through a ruling on a motion to dismiss. We review a district court ruling on a motion to dismiss for correction of errors at law. *Henry v. Shober*, 566 N.W.2d 190, 191 (Iowa 1997).

## III. Injunctive Relief Authorized By Statute.

Our legislature has enacted a statute that forbids retaliation or reprisal against a state employee who discloses information the employee reasonably believes "evidences a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Iowa Code § 70A.28(2). This provision is part of a comprehensive chapter of the Code dealing with public employees and is known as a whistle-blower statute. *See id.* §§ 70A.1–.38; *see also Hill v. Iowa Dep't of Employment Servs.*, 442 N.W.2d 128, 131 (Iowa 1989) (discussing Iowa Code section 70A.29, which also protects whistle-blowing). This whistle-blower statute makes a violation of its prohibitions a criminal offense and also creates a civil remedy. Iowa Code § 70A.28(4), (5). The remedies available in a civil action include reinstatement of the discharged employee or other equitable relief, as well as attor-

ney fees and costs. *Id.* § 70A.28(5)(*a*). Additionally, an injunction may be granted by the district court to prohibit a person from violating the prohibitions. *Id.* § 70A.28(5)(*b*) ("When a person commits, is committing, or proposes to commit an act in violation of [section 70A.28(2)], an injunction may be granted through an action in district court to prohibit the person from continuing such acts. The action for injunctive relief may be brought by an aggrieved employee or the attorney general.").

Worthington relies upon these provisions to support her petition for injunctive relief to prevent her termination. The appellees argue that injunctive relief under the whistle-blower statute is not available to most public employees who are members of the department of public safety because our legislature has enacted special rules governing the discipline and dismissal of these public employees.[1] In relevant part, section 80.15 provides:

> After ... twelve months' service, a member of the department, who was appointed after having passed the [statutorily mandated physical and mental] examinations, is not subject to dismissal, suspension, disciplinary demotion, or other disciplinary action resulting in the loss of pay unless charges have been filed with the department of inspections and appeals and a hearing held by the employment appeal board created by

section 10A.601, if requested by the member, at which the member has an opportunity to present a defense to the charges. The decision of the appeal board is final, subject to the right of judicial review in accordance with the terms of the Iowa administrative procedure [a]ct.

The appellees argue that the special provisions governing discipline and dismissal under section 80.15 provide Worthington with an adequate legal remedy, which makes injunctive relief improper under the traditional principles governing the issuance of injunctions. The appellees point out that the procedure under section 80.15 requires the department to conduct a hearing and provide the member an opportunity to present a defense before imposing dismissal, suspension, discipline, demotion, or other disciplinary action resulting in the loss of pay. *Id.* The district court found this process provides the same remedy as would be provided by injunctive relief under section 70A.28(5). Consequently, it held Worthington, as a matter of law, had not suffered an injury requiring protection by injunctive relief.[2]

The pragmatic approach taken by the appellees, and adopted by the district court, is supported by the general equitable principles governing the issue of injunctions. In *Matlock v. Weets*, we discussed the traditional equitable principles for the issuance of injunctive relief:

---

1. One division of the department of public safety is the division of fire protection. Iowa Code § 80.17(5). The chief officer of the division is known as the state fire marshal. *Id.* § 100.1. The parties do not dispute that Worthington is both a public employee under chapter 70A and a member of the department of public safety protected under section 80.15.

2. During the pendency of this appeal, Worthington filed an application with us to stay the disciplinary action taken by the commissioner. The application alleged the commis-

sioner found, following the pretermination hearing under section 80.15, Worthington did create a false public document and discharged her from her employment. Worthington filed an administrative appeal from this decision. Although the appellees did not claim the action by the commissioner rendered the appeal moot, we address the issue presented for our review under grounds that it would otherwise evade judicial review. *See State v. Hernandez–Lopez,* 639 N.W.2d 226, 234 (Iowa 2002).

An injunction "should be granted with caution and only when clearly required to avoid irreparable damage." A court of equity will not grant injunctive relief "unless it appears there is an invasion or threatened invasion of a right, and that substantial injury will result to the party whose rights are so invaded, or such injury is reasonably to be apprehended." An injunction is appropriate only when the party seeking it has no adequate remedy at law. Before granting an injunction, the court should carefully weigh the relative hardship which would be suffered by the enjoined party upon awarding injunctive relief.

531 N.W.2d 118, 122 (Iowa 1995) (citations omitted). Moreover, we have specifically held "that an action for an injunction will not lie" when the party seeking injunctive relief "has an adequate remedy at law." *Sergeant Bluff–Luton Sch. Dist. v. City of Sioux City,* 562 N.W.2d 154, 156 (Iowa 1997).

More recently, we addressed the role of these equitable standards in the issuance of a temporary injunction under a statute that authorized injunctive relief, but did not specifically authorize the issuance of a preliminary injunction. In *Max 100 L.C. v. Iowa Realty Co.,* 621 N.W.2d 178, 181–83 (Iowa 2001), we held that the equitable principles normally applicable to the issuance of injunctions applied to a request for a temporary injunction in an action based on an antitrust violation under Iowa's competition statute because the statute only authorized injunctive relief and did not specifically sanction temporary injunctive relief or otherwise express an intent for courts to issue temporary injunctions independent of the traditional equitable principles.

The decision to issue an injunction has historically been a discretionary function of the court based on the traditional princi-ples of equity and the specific circumstances of the case. *Kent Prods., Inc. v. Hoegh,* 245 Iowa 205, 211, 61 N.W.2d 711, 714 (1953). However, we observed in *Max 100 L.C.* that these equitable principles might not apply when a statute expressly authorizes injunctive relief. *See* 621 N.W.2d at 181. We indicated a statute might override the equitable requirements or impose other guidelines for courts to follow in determining whether to issue an injunction. *Id.* When this is done, a court's discretion to assess the competing equities before issuing an injunction is circumscribed to the extent that the legislature "has already made such assessments." *United States v. Mass. Water Res. Auth.,* 256 F.3d 36, 47 (1st Cir.2001). Thus, the requirement for the issuance of a statutory injunction may rest solely on proof of a violation of the statute, and the normal rules of equity requiring a showing of irreparable injury and lack of an adequate remedy at law may not apply.

■ This approach reveals that the basic function of the district court can be different when deciding to issue an injunction authorized by statute than when presented with claims for injunctions under equitable principles. *See United States v. Odessa Union Warehouse Co-op,* 833 F.2d 172, 174–75 (9th Cir.1987). Actions for equity-based injunctions were developed over time in response to the need for a pliant remedy for harm suffered in a controversy between individuals not available within the rather rigid and sometimes inadequate common-law scheme of remedies. *See* 1 John Norton Pomeroy, *A Treatise on Equity Jurisprudence* § 23, at 30–31 (4th ed.1918). Thus, the equitable principles surfaced to provide a court with the needed ability to fashion a remedy based on "the necessities of the particular case" and the unique competing concerns between the parties. *Odessa Union Warehouse*

*Co-op,* 833 F.2d at 175. When the legislature has specifically authorized an injunction, however, it may have already decided these matters, and the primary role of the court is to enforce the legislative determination. *Id.; see Ackerman v. Tri–City Geriatric & Health Care, Inc.,* 55 Ohio St.2d 51, 378 N.E.2d 145, 149 (1978) (when an injunction is sought under a statute, the petitioner is not required to show irreparable injury and inadequacy of remedy because the legislature has already balanced the equities and proscribed behavior which it "has determined not to be in the public interest" and rightfully enjoined).

█ On the other hand, legislative intent to displace the traditional equitable requirements for the issuance of injunctions is not automatically expressed because a statute authorizes injunctive relief. *See Weinberger v. Romero–Barcelo,* 456 U.S. 305, 313, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91, 99 (1982) ("[W]e do not lightly assume that Congress has intended to depart from established principles [of equitable jurisdiction]."). There must be some showing that the statute was designed to provide for an injunction based on the violation of some act prohibited by the statute independent of the equitable principles. *See Postma v. Jack Brown Buick, Inc.,* 157 Ill.2d 391, 193 Ill.Dec. 166, 626 N.E.2d 199, 204 (1993) (the rule that equitable principles do not apply to a statute that specifically authorizes injunctive relief is limited to specific situations); *State Comm'n on Human Relations v. Talbot County Detention Ctr.,* 370 Md. 115, 803 A.2d 527, 535–36 (2002) (discussing the approach followed by federal courts to determine whether equitable powers are utilized when a statute authorizes an injunction); *Ackerman,* 378 N.E.2d at 149 (it is inappropriate to balance equities when a statute authorizes the government to enjoin harmful activity "to prevent harm to the general public").

In this case, section 70A.28(2) specifically declares that a person shall not discharge a public employee for whistle-blowing. The statute further makes a violation of this prohibition a crime. Iowa Code § 70A.28(4). It also provides for reinstatement and other equitable relief. *Id.* § 70A.28(5)(*a* ). More importantly, it permits the attorney general or the aggrieved employee to request injunctive relief in district court to stop any discharge in violation of the prohibition. *Id.* § 70A.28(5)(*b* ).

·It is clear the overall scheme of the statute establishes a public policy against retaliatory discharge of public employees and considers the violation of the policy to be a public harm. Although the statute uses the word "may" when authorizing injunctive relief, the statute is not designed to weigh the equities and do justice between the parties, but to prevent harm to the public policy. The injunctive relief expresses the importance of the policy by serving to enforce the law and to stop government officials and other persons from violating the law. Additionally, the statute authorizes a government agent to pursue the injunction, along with the aggrieved person. This reveals an umbrella of protection from retaliatory discharge for all state workers and prohibits actions by those who exercise governmental authority from undermining this public policy and from stifling whistle-blowers in the workplace.

We think the design of the statute evidences an intent by our legislature to forgo the equitable requirement that there be no adequate legal remedy.[3] Our legislature

---

**3.** It is unnecessary for us to further determine if the irreparable harm requirement is also inapplicable. The ruling by the district court was limited to the availability of another rem-

has identified conduct it has determined is not in the public interest and should not take place in our government. In making this determination, our legislature has already balanced the equities and deemed an injunction to be an appropriate response to stop the illegal activity. Consequently, it would be improper to require a preliminary showing of no adequate legal remedy. *See Va. Beach S.P.C.A., Inc. v. S. Hampton Rds. Veterinary Ass'n,* 229 Va. 349, 329 S.E.2d 10, 12–13 (1985) (equitable requirement of no adequate legal remedy is not applicable under statute authorizing injunctive relief to stop an unlawful practice even though an administrative remedy also exists); *see also United States v. Oakland Cannabis Buyers' Coop.,* 532 U.S. 483, 497, 121 S.Ct. 1711, 1721, 149 L.Ed.2d 722, 736 (2001) ("[A] court sitting in equity cannot 'ignore the judgment of [the legislature] deliberately expressed in [a statute].'" (Citation omitted.)). Additionally, the petition filed by Worthington seeks the specific injunctive relief authorized by statute. *See Max 100 L.C.,* 621 N.W.2d at 181–83 (petitioner sought temporary injunction not specified by the statute).

### IV. Attorney Fees.

Iowa Code section 70A.28(5)(*a*) provides that the remedies in a civil action against a person who violates the prohibitions against retaliatory discharge include attorney fees. Worthington asks that we direct the district court to include an award for reasonable attorney fees necessitated by this appeal in any attorney fee award made on remand. She believes it is unclear whether an award of attorney fees by the district court on remand would include appellate attorney fees. We decline to decide this issue at this stage of the proceedings.

Our rules of judicial restraint generally preclude appellate review of issues that depend on matters not yet developed. *See State v. Bullock* 638 N.W.2d 728, 734–35 (Iowa 2002); *see also Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 (1967) (The ripeness doctrine exists to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192, 199 (1977). An award of attorney fees under section 70A.28(5)(*a*) rests upon a finding that a person violates the retaliatory discharge provisions. Iowa Code § 70A.28(5)(*a*) ("A person who violates subsection (2) is liable . . . for . . . attorney fees. . . ."). The district court has not made such a finding and ultimately may not do so on remand. Therefore, a subsequent ruling by the district court on remand could render the issue Worthington now presents for appellate review moot. We conclude the issue of whether an award of attorney fees includes appellate attorney fees under section 70A.28(5)(*a*) is not ripe for appellate review.

### V. Conclusion.

We reverse the decision of the district court to dismiss the petition. We remand the case to the district court for any further proceedings relating to the request for the issuance of injunctive relief or for other relief sought in the petition.

**REVERSED AND REMANDED.**

All justices concur except LARSON, J., who takes no part.

---

edy. However, the principles we apply to the resolution of the issue in this case can be

applied in determining the applicability of other equitable principles.