**IN THE COURT OF APPEALS OF IOWA**

No. 14-1190
Filed July 9, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEPHANIE SUE MARBLE,**
     Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buena Vista County, Don E. Courtney, Judge.

        Stephanie Marble appeals from her conviction and sentence for the crime of theft in the second degree. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Dave Patton, County Attorney, and Paul Allen, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Stephanie Marble appeals from her conviction and sentence for the crime of theft in the second degree. She asserts there was not sufficient evidence of her identity to support the conviction and that the district court abused its discretion when declining to suspend the sentence it ordered—a term of incarceration not to exceed five years. She also claims the court erred when it ordered her to pay attorney fees as part of her restitution payment without considering her ability to pay. We conclude sufficient evidence supports Marble's conviction, as security video and other investigative work tied her to the crime. Furthermore, the district court did not abuse its discretion when not suspending her sentence, given, in part, her history of other theft convictions. With regard to Marble's restitution claim, we conclude it is not ripe for appellate review. Consequently, we affirm her conviction and sentence.

Pursuant to the minutes of testimony, on July 27, 2013, at approximately 10:40 a.m., a woman—later identified as Marble—was seen at a Walmart store. While there, she placed two laptop computers into a blue tote bag in her shopping cart and then placed a pillow and a blanket over the top of the tote. She then walked out of the store without paying for the items and drove away. About twenty minutes later Marble entered Hy-Vee and loaded her shopping cart with a number of bottles of liquor. She then placed a number of larger items such as paper towels and toilet paper over the liquor and walked out of the store without paying. Video surveillance from both stores showed a heavy-set white woman with short hair absconding with the merchandise; it also showed the woman driving a white Chevy minivan. Police investigation established Marble

drove a white Chevy van and was further identified as the woman captured on the videos.

On August 16, 2013, Marble was charged with one count of theft in the second degree, a class "D" felony, in violation of Iowa Code sections 714.1 and 714.2(2) (2013). A trial on the minutes was held, and on June 4, 2014, the district court returned a verdict of guilty. It later sentenced Marble to a term of incarceration not to exceed five years and ordered her to pay restitution, a portion of which was for attorney fees, as well as other various fines and fees. Marble appeals.

We review sufficiency of the evidence claims for errors at law, and the guilty verdict is binding on appeal if supported by substantial evidence. *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012). We view the record in the light most favorable to the State. *Id.* With regard to Marble's claim the court erred when it declined to suspend her sentence, we review the imposition of a sentence for an abuse of discretion. *See State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998).

As an initial matter, sufficient evidence supports the theft conviction, given the minutes establish proof of Marble's identity. As part of the investigation, Detective Patrick Diekman observed the videos of Marble from Hy-Vee and Walmart, videos that were clear enough to show a heavy-set white woman with short hair absconding with the merchandise. The videos also establish the woman was driving a white Chevy van, which Detective Diekman observed was parked in Marble's driveway when he arrived at her residence. Viewing the evidence in the light most favorable to the State, this is sufficient evidence

establishing Marble's identity, and thus supporting her conviction. *See Dewitt*, 811 N.W.2d at 467.

Furthermore, the district court did not abuse its discretion when declining to suspend Marble's sentence. With regard to its reasoning, the court stated:

> You've had numerous opportunities in the past and you've never rehabilitated. Mr. Sease, in that letter he wrote, indicated that your mother taught you how to shop lift. It's obvious that's a pattern that has been consistent for quite a few years. I'm convinced that probation wouldn't rehabilitate you based upon your record. Looking at your record of convictions, the nature of these offenses, I'm convinced probation wouldn't rehabilitate you, and I find that I need to incarcerate you for the protection of the community from further offenses by you and by others. I have reviewed the presentence investigation report and, quite frankly, that's one of the . . . worst reports I've seen in quite some time. You've had numerous opportunities to change your life and you haven't done it.

This statement provides sufficient reasoning supporting the court's decision to impose and not suspend the sentence. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The court also considered other relevant factors, and therefore, we detect no abuse of the court's discretion when choosing not to suspend her sentence. *See id.* at 725.

Marble's final claim asserts the court abused its discretion when ordering her to pay restitution in the form of attorney fees without considering her ability to pay. The State responds that this claim is not ripe for appellate review; we agree. As of the submission of this appeal, the State had not yet filed a request for attorney fees in an "amount approved by the State Public Defender," as set forth in the sentencing order. Once this request is filed, Marble may then challenge it pursuant to the procedures set forth in Iowa Code section 910.7. As

we have no record to be reviewed on the issue, Marble's claim is not ripe for appellate review. *See Worthington v. Kenkel*, 684 N.W.2d 228, 234 (Iowa 2004).

For the reasons set forth above, we affirm Marble's conviction and sentence to theft in the second degree.

**AFFIRMED.**