# IN THE COURT OF APPEALS OF IOWA

No. 15-0975
Filed April 27, 2016

**ROBBIE WARREN ZIMMER,**
 Plaintiff-Appellant,

**vs.**

**SHAYLEE NICOLE CLINE,**
 Defendant-Appellee.
_____

 Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

 A father appeals from the district court's ruling denying permanent injunctive relief and his application to hold the mother of their child in contempt. **AFFIRMED.**

 Harold K. Widdison of the Law Office of Harold K. Widdison, P.C., Sioux City, for appellant.

 John S. Moeller of John S. Moeller, P.C., Sioux City, for appellee.

 Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A father appeals from the district court's ruling denying permanent injunctive relief and his application to hold the mother of their child in contempt. Finding no error, we affirm.

A request for injunctive relief invoked the district court's equitable jurisdiction. *See* Iowa R. Civ. P. 1.1501. We review the district court's order denying Zimmer's request for relief de novo. *See City of Okoboji v. Parks*, 830 N.W.2d 300, 304 (Iowa 2013). The district court's findings of fact are not binding, but we give weight to its assessment of witness credibility. *Id.*

When a trial court refuses to hold a party in contempt pursuant to Iowa Code section 598.23 (2015), however, our review is not de novo. *In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993). The district court has "broad discretion" and may "consider all the circumstances, not just whether a willful violation of a court order has been shown, in deciding whether to impose punishment for contempt in a particular case." *In re Marriage of Swan,* 526 N.W.2d 320, 327 (Iowa 1995). Unless this discretion is "grossly abused," the court's decision must stand. *Id.* Such an abuse of discretion occurs if the district court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Schettler v. Iowa Dist. Ct.,* 509 N.W.2d 459, 464 (Iowa 1993).

Robbie Zimmer and Shaylee Cline had a child together in 2010. By decree filed in July 2011, the never-married parents shared legal custody and physical care of the child. Following an earlier contempt hearing held in January

2014, the court found that Cline was in contempt for having her paramour, J.W., present with the child in violation of a previous order.

The custody decree was modified in July 2014, and the child was placed in Zimmer's physical care. The decree was modified primarily because Cline continued her relationship with J.W., who had been accused of sexually abusing the child. The court at that time specifically ordered Cline not to allow contact between J.W. and the child. Also in July 2014, the department of human services (DHS) began a child abuse investigation concerning the allegations J.W. had sexually abused the child. In December 2014, the investigation resulted in a founded abuse report and the parents agreed to voluntary social services.

Both Zimmer and Cline filed applications for rule to show cause against the other: Cline challenged Zimmer claiming the child for income tax purposes. Zimmer asked the court that Cline be found in contempt for continuing to allow contact between J.W. and the child, and that the court enter an order of permanent injunction "restraining [Cline] from striking, harming, threatening to harm, harassing, following or otherwise interfering with or attempting to contact, by telephone or in person, [Zimmer] and/or [Zimmer's] minor child wherever they may be; and further from entering, occupying or loitering on the premises where they are located, reside, or are employed." He also asked that the child be placed with him "until the Court is satisfied that professional supervised visitation by non-relatives has been set up and paid for by [Cline]." Zimmer's application was filed December 16, 2014. On February 20, 2015, the district court granted a

temporary injunction to Zimmer, placing the child in his temporary sole care, custody, and control until a hearing in March.

A hearing was held on March 31, 2015, at which Zimmer and Cline testified; as did two therapists who have had sessions with the child; a DHS child abuse investigator; and an in-home Family Safety, Risk and Permanency (FSRP) worker who conducted unannounced safety visits of the mother's home. The trial court observed Cline continues to deny that J.W. sexually assaulted the child despite DHS having conducted an investigation and entered a founded child abuse report naming J.W. as the perpetrator of sexual abuse against the child. However, Cline testified she ended her relationship with J.W. in July 2014 and she did not know where he lives. The court noted the FSRP worker had found no evidence J.W. was present in Cline's residence in September or October 2014. And the court indicated Cline was pregnant and reported the father of the child was A.G.

The court also noted no child-in-need-of-assistance juvenile proceedings were filed following the child abuse investigation, and no police investigation continued. In addition, while the child's two therapists testified the child continued to state she sees J.W., the court noted both Zimmer and Cline had participated in polygraph examinations conducted by the local police department, the results of which showed Zimmer "appeared to be lying when asked whether he had coached the child to make the allegations against" J.W. The court also noted Zimmer indicated he no longer wanted FSRP services, while Cline did.

The court "question[ed Zimmer's] credibility" (though in respect to another claim of contempt not at issue here).

In its ruling denying Zimmer's requests to find Cline in contempt for allowing ongoing contact between the child and J.W., the court concluded it had no "concrete evidence" there was any contact since July 2014 and, therefore, Zimmer had failed to prove beyond a reasonable doubt that Cline willfully violated a court order.

With respect to Zimmer's request for a permanent injunction, the court wrote:

> [I]njunctions are an extraordinary remedy which should only be used where absolutely necessary. In order to issue an injunction, the party asserting that injunctive relief should be granted must show that they have rights that will be irreparably taken from them unless enjoined. While the burden of proof necessary to sustain an injunction is less than that necessary to establish a citation for contempt, the Court finds that the evidence presented at the trial herein fails to show even by preponderance of the evidence that [Cline] has continued to allow contact between the child and [J.W.] Based upon this failure of proof, the Court cannot grant any injunctive relief based upon the record presented at trial.

In Iowa, all actions for contempt are quasi-criminal, even when they arise from civil cases. *See Zimmermann v. Iowa Dist. Ct.*, 480 N.W.2d 70, 74 (Iowa 1992). Therefore, contempt must be established by proof beyond a reasonable doubt. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). The district court's factual findings will be overturned if they lack substantial evidentiary support. *Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 68 (Iowa 2010).

We do not overturn the court's findings here. The history of animosity between the parties was commemorated in the modification decree. The district

court accurately set out and considered the law applicable to the requests for relief by Zimmer. There was evidence that Cline still has some contact with J.W. at the time Zimmer's application for contempt was filed. However, any contact with the child had to be willfully permitted by Cline. The evidence was highly controverted and the district court was able to observe the demeanor of the witnesses. We find no reason to disturb the court's determination that Zimmer failed to prove beyond a reasonable doubt that Cline had willfully allowed continued contact with J.W. in violation of the July 2014 modification decree or any other orders.[1] *See Opat v. Ludeking*, 666 N.W.2d 597, 607-08 (Iowa 2003).

Upon our de novo review, we agree with the district court that Zimmer has not established the need for the extraordinary remedy of a permanent injunction to protect the child. *See Worthington v. Kenkel*, 684 N.W.2d 228, 232 (Iowa 2004). We share the trial court's concern that Cline fails to acknowledge the safety risk J.W. posed to the child. However, the record does not establish the child is at risk at present.

Zimmer also contends the court erred in denying his request that Cline pay his attorney fees. Iowa Code section 598.24 (2013) provides:

> When an action for . . . [an] order to show cause . . . is brought on the grounds that a party to the decree is in default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, *may* be taxed against that party.

(Emphasis added.)

---

[1] In Zimmer's brief he also contends that Cline failed to purge herself of contempt as required by the ruling filed February 20, 2015. However, the ruling appealed from does not address this issue and thus error was not preserved. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

The award of attorney fees is discretionary with the trial court. *McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 827 (Iowa 1996). Given the relative merits of the parties' positions, and the outcome, we cannot say the court abused its discretion here. We therefore affirm the district court in all respects. We deny Zimmer's request for appellate attorney fees.

**AFFIRMED.**