E.J. McMANUS, On Behalf of Himself
and All Others Similarly
Situated, Appellant,

v.

STATE of Iowa, DEPARTMENT OF
REVENUE AND FINANCE and
Gerald D. Bair, Appellees.

No. 92–727.

Supreme Court of Iowa.

May 19, 1993.

Rehearing Denied June 16, 1993.

David P. McManus of Glausson, Grove, Sole & McManus, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellees.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

E.J. McManus is a retired federal employee whose retirement benefits were subjected to Iowa income tax at a time when state employees' retirement benefits were exempted. The United States Supreme Court, in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 817, 109 S.Ct. 1500, 1508–09, 103 L.Ed.2d 891, 906 (1989), ruled that this disparate treatment of retirement income violated the Federal Public Salary Tax Act of 1939, 4 U.S.C. § 111.

Effective January 1, 1989, Iowa's tax statute was amended to end this preferential treatment, but McManus requested a refund of the income tax he had paid on his retirement income before the statute was amended. The Iowa Department of Revenue (department) declined to allow or deny the refund until the retroactivity of *Davis* was determined.

McManus filed a suit in the United States District Court as a class action, seeking refunds of the taxes allegedly overpaid by him and other federal retirees. The federal court dismissed McManus's suit on the ground that it lacked subject matter jurisdiction under the Federal Tax Injunction Act, 28 U.S.C. § 1431, which prohibits suits against states over taxes in federal court as long as the taxpayer has a "plain, speedy, and efficient" state remedy.

McManus appealed to the Eighth Circuit, but his appeal was dismissed without opinion. His petition for writ of certiorari to the United States Supreme Court was denied. McManus then filed this petition for judicial review in the Iowa District Court in which he requested a refund of the income tax paid on his retirement benefits and requested damages and attorney fees under 42 U.S.C. § 1983. The district court dismissed his case, and we affirm.

■ Iowa Code section 17A.19 (1991) provides judicial review only to "[a] person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action." The department argues, and the district court found, that McManus has not exhausted all adequate administrative remedies, and there has been no "final agency action" for the court to review.

McManus responds that the department's failure to act on his refund request denies him an adequate administrative remedy, and he is therefore "relieved" from the exhaustion requirement. *See Salsbury Lab. v. Iowa Dep't of Envtl. Quality,* 276 N.W.2d 830, 836 (Iowa 1979):

> The doctrine of exhaustion of administrative remedies has never been thought to be absolute. If the agency is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required.

(Citations omitted.)

■ McManus claims that any administrative remedy is inadequate because, he believes, the agency would simply deny his claim for refund anyway. However, the exhaustion requirement of section 17A.19 will be waived sparingly, and even an inadequate administrative remedy still must be exhausted if judicial review from the final action is adequate. *Salsbury,* 276 N.W.2d at 837.

While "irreparable harm" may obviate the exhaustion requirement under Iowa's Administrative Procedure Act, *id.,* and under the federal act, *Mathews v. Eldridge,* 424 U.S. 319, 331–32, 96 S.Ct. 893, 901, 47 L.Ed.2d 18, 31 (1976), McManus does not claim irreparable harm.

The department's reason for refusing to either allow or deny McManus's refund request is that the department is awaiting decisions by the United States Supreme Court in *Harper v. Virginia,* 241 Va. 232, 401 S.E.2d 868 (1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 1934, 118 L.Ed.2d 541 (1992), and by this court in *Hagge v. Iowa Department of Revenue and Finance,* —— N.W.2d ——, 1993 WL 267643 (Iowa 1993) (No. 92–1377).

*Hagge* is a test case brought pursuant to an agreement between the department and a group representing federal retirees. Hagge applied for a refund, which was denied. Hagge exhausted his administrative remedies, then sought judicial review. The district court reversed the agency action. The department appealed, and that case is now pending in this court.

The *Harper* case, which was argued to the United States Supreme Court in December 1992, and the *Hagge* case present the same basic issue: Whether the holding of *Davis,* which invalidated Iowa's disparate treatment of state and federal retirement income, is to be applied retroactively. Similar cases decided by the United States Supreme Court since *Davis,* it was hoped, would provide clear directions to the states, but they have not done so. *See James B. Beam Distilling Co. v. Georgia,* 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991); *McKesson v. Division of Alcoholic Beverage & Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).

McManus argues that exhaustion is not a realistic requirement in this case because the department has failed to either grant or deny his application for refund. The de-

partment responds that McManus could remedy that situation by simply asking for judicial review of agency action, which is defined by our Administrative Procedure Act to include a failure to act. *See* Iowa Code § 17A.2(9):

> *"Agency action"* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceedings, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion *or failure to do so*, or the performance of any agency duty *or the failure to do so.*

(Emphasis added.)

We agree with the district court that McManus may not prosecute this action for judicial review because he has failed to show that he has exhausted all adequate administrative remedies.

McManus's § 1983 case must also fail, according to the department, because (1) the state and the revenue department are not "persons" under § 1983, *see Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989); and (2) a § 1983 claim is not allowed if there is an adequate state administrative remedy available, *see Nutbrown v. Munn,* 311 Or. 328, 340, 811 P.2d 131, 138 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 867, 116 L.Ed.2d 773 (1992) (suit by federal retiree for state refund under *Davis* ); *Hogan v. Musolf,* 163 Wis.2d 1, 25–27, 471 N.W.2d 216, 225–26 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 867, 116 L.Ed.2d 773 (1992) (same).

The district court properly dismissed the claim under § 1983 because there are adequate state administrative remedies, and McManus failed to exhaust them. We need not address the question of whether the department in this case is a "person" for purposes of § 1983.

Because we conclude that any suit attempting to recover the refund or damages under § 1983 is premature for the reasons discussed, additional issues raised by Mc-Manus that rest on his ability to maintain this action are moot.

**AFFIRMED.**