Nancy E. RILEY, Appellant,

v.

Gib BOXA and The City of Cedar Rapids, Appellees.

No. 94–1539.

Supreme Court of Iowa.

Jan. 17, 1996.

Hugh G. Albrecht of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

William Wright, Assistant City Attorney, Cedar Rapids, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Nancy Riley filed a petition with the district court alleging the city of Cedar Rapids and building administrator had wrongfully denied her application for a building permit. The district court dismissed the petition finding Riley had failed to exhaust her administrative remedies before seeking judicial relief. On appeal, Riley contends that the doctrine requiring the exhaustion of administrative remedies does not apply for the following reasons: (1) the administrative remedy is inadequate, (2) an appeal of the building administrator's decision to the board of adjustment under Iowa Code section 414.10 (1993) is permissive and not mandatory, and (3) the refusal to grant the building permit was arbitrary, capricious, unreasonable, and in violation of the city zoning ordinance. We affirm.

## I. Background Facts and Proceedings.

In January 1994 Riley applied to the Cedar Rapids Building Department for a building permit to convert a rental unit from an office into a three-bedroom apartment. The building in which the office is located was completed in 1961 and consists of fourteen rental units. Twelve of the units were rented as apartments, one was occupied as an

office, and the unit at issue sat vacant but was rented as an office by an engineering firm from 1961 until 1993.

When the structure was built, the area in which the building is located was zoned as a light industrial district. Apartments were a permitted use of property zoned light industrial. In 1979 the property was rezoned to a commercial warehouse district. Under the Cedar Rapids' zoning ordinance, engineers' offices are specifically included among the permitted uses in a commercial warehouse district, but an apartment or a multi-family dwelling unit is not a permitted use. The twelve apartments are permitted as a legal nonconforming use.

A building permit to convert the office into an apartment was denied on the grounds that the proposed apartment constituted a non-permitted use under the City's 1979 zoning ordinance. Both the Iowa Code and the Cedar Rapids Municipal Code provide that a person may appeal a decision of a zoning administrator to the board of adjustment. *See* Iowa Code § 414.10. In spite of these provisions, Riley did not appeal the decision of the building administrator to the board of adjustment. Instead Riley filed a petition in district court seeking an injunction, declaratory judgment, and monetary damages for lost rents during the pendency of the dispute. The district court found Riley and failed to exhaust her administrative remedies before seeking judicial relief and dismissed her petition.

Our scope of review is for correction of errors at law. Iowa R.App. P. 4.

II. *Exhaustion of Administrative Remedies.*

■ All administrative remedies must be exhausted before an aggrieved party is entitled to judicial review of an administrative decision. Iowa Code § 17A.19(1); *Continental Tel. Co. v. Colton,* 348 N.W.2d 623, 626 (Iowa 1984). Two conditions must be met before we apply the doctrine: an adequate administrative remedy must exist for the claimed wrong, and the governing statutes must expressly or impliedly require the remedy to be exhausted before allowing judicial review. *North River Ins. Co. v. Iowa Div. of Ins.,* 501 N.W.2d 542, 545 (Iowa 1993); *Pruess Elevator, Inc. v. Iowa Dep't of Natural Resources,* 477 N.W.2d 675, 677 (Iowa 1991). An exception to the doctrine "is applied when the administrative remedy is inadequate or its pursuit would be fruitless." *Alberhasky v. City of Iowa City,* 433 N.W.2d 693, 695 (Iowa 1988).

■ The claimed wrong that Riley seeks a remedy from is the building administrator's denial of a building permit. The board of adjustment has the power to "hear and decide appeals where it is alleged there is error in any ... decision ... made by an administrative official." Iowa Code § 414.12(1). The board may "reverse or affirm, wholly or partly, or may modify" the decision of the administrative official. *Id.* § 414.13. We conclude an administrative remedy exists for the claimed wrong.

■ Riley urges that the administrative remedy available to her is inadequate because the board of adjustment is unable to award monetary damages for her loss of rental income and because she must pay a $150 nonrefundable fee to appeal to the board. *See Salsbury Lab. v. Iowa Dep't of Envtl. Quality,* 276 N.W.2d 830, 836 (Iowa 1979) ("If the agency is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required."). An administrative remedy is not inadequate simply because a party must pay an administrative fee or may not receive everything he or she wants. *See Richards v. Iowa State Commerce Comm'n,* 270 N.W.2d 616, 620 (Iowa 1978) ("expenses incident to the completion of the administrative proceeding do not justify intermediate judicial review"); *Magan v. Medical Mut. Liab. Ins. Soc'y,* 81 Md.App. 301, 567 A.2d 503, 507 (1989) ("An administrative remedy is not inadequate so as to authorize judicial intervention before exhaustion of the remedy simply because it may create some hardship or does not give one everything he or she wants."). We will not undermine the exhaustion of administrative remedies doctrine by allowing parties to avoid the administrative process simply by

pleading damages or complaining of administrative fees.

■ We recognize that a "showing of irreparable injury resulting from following the administrative process would make judicial review of final agency action an inadequate remedy." *Salsbury Lab.,* 276 N.W.2d at 837; *see McManus v. Iowa Dep't of Revenue & Fin.,* 499 N.W.2d 726, 727 (Iowa 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 580, 126 L.Ed.2d 479 (1993); *Iowa Indus. Comm'r v. Davis,* 286 N.W.2d 658, 662 (Iowa 1979). We require, however, a clear showing of an irreparable injury of substantial dimension. *Salsbury Lab.,* 276 N.W.2d at 837. Ordinarily, monetary losses caused by either administrative proceeding expenses or the deprivation of earnings are insufficient to constitute irreparable injury of substantial dimension. *See Davis,* 286 N.W.2d at 662; *Salsbury Lab.,* 276 N.W.2d at 837. An appeal to the board of adjustment would involve minimum delay and cost. Consequently, neither the administrative fee nor Riley's loss of rental income are sufficient to be considered irreparable injury justifying judicial intervention prior to the exhaustion of her administrative remedies.

We conclude that Riley has an adequate administrative remedy for the claimed wrong of being denied a building permit. We must now determine whether the governing statutes require that remedy to be exhausted before judicial intervention.

■ The Cedar Rapids Municipal Code provides that appeals

> may be taken to the Board by any person ... affected by any decision of the Zoning Administrator, and where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this Ordinance.

> All decisions and findings of the Board on any appeal or upon any application for a variance or conditional use, after a public hearing, shall, in all instances, be the final administrative decision and shall be subject to judicial review as by law may be provided.

Iowa Code section 414.10 provides that "[a]ppeals to the board of adjustment may be taken by any person aggrieved ... by any decision of the administrative officer." A person aggrieved by any decision of the board of adjustment "may present to a court of record a petition ... setting forth that such decision is illegal." Iowa Code § 414.15.

■ Riley urges the use of the word "may" rather than "shall" in section 414.10 indicates that the legislature intended the appeal to be permissive and not mandatory. We have stated that the exhaustion of administrative remedies doctrine does not apply if, by the terms and implications of the statutes authorizing an administrative remedy, "such remedy is permissive only or not exclusive of the judicial remedy, warranting the conclusion that the legislature intended to permit resort to the courts even though the administrative remedy has not been exhausted." *Charles Gabus Ford, Inc. v. Iowa State Highway Comm'n,* 224 N.W.2d 639, 647 (Iowa 1974). We will apply the doctrine, however, even though a statute provides an administrative remedy in general terms or does not explicitly provide for exclusive jurisdiction or the exhaustion of the remedy. *Id.*

The use of the term "may" does not warrant a conclusion that the legislature intended to allow judicial relief before the exhaustion of the administrative remedy. We have held that other statutes which also used the term "may" have nevertheless required the administrative remedy to be exhausted before resort to the courts. *See Pruess Elevator,* 477 N.W.2d at 677 (requiring the exhaustion of an administrative remedy provided under Iowa Code section 455B.392(1)(d) (1989) which states that claims "under this subsection may be appealed"); *Davis,* 286 N.W.2d at 662 (requiring the exhaustion of an administrative remedy provided under Iowa Code section 86.24(1) (1977) which states any party aggrieved by a decision of a deputy commissioner "may" appeal to the industrial commissioner); *see also Call Bond & Mortgage Co. v. City of Sioux City,* 219 Iowa 572, 587, 259 N.W. 33, 40 (1935) (holding that the jurisdiction to review action of a

city inspector in revoking a building permit was exclusively in the board of adjustment).

We conclude that the governing statutes implicitly require Riley to exhaust her administrative remedies by appealing to the board of adjustment before judicial intervention.

### III. *Building Administrator's Decision.*

 Riley contends that she should not be required to exhaust her administrative remedies before seeking judicial review because the decision of the building administrator to deny her a building permit was arbitrary, capricious, unreasonable and contrary to the language and intent of the zoning ordinance. As long as city officials "act reasonably within their jurisdiction and powers ... and do not act arbitrarily and illegally beyond their jurisdiction, the remedies by appeal provided for by statute and ... ordinance should be and are exclusive." *Call Bond,* 219 Iowa at 587, 259 N.W. at 40. A decision is "arbitrary" or "capricious" when it is made without regard to the law or underlying facts. *Soo Line R.R. v. Iowa Dep't of Transp.,* 521 N.W.2d 685, 688–89 (Iowa 1994). A decision is unreasonable if it is against reason and evidence "as to which there is no room for difference of opinion among reasonable minds." *Stephenson v. Furnas Elec. Co.,* 522 N.W.2d 828, 831 (Iowa 1994).

The decision of the building administrator was based upon an interpretation of the zoning ordinance. A letter to Riley denying the permit stated the following:

> Your request is hereby denied as it does not comply with the following, but not limited to, Subsections of Chapter 32 of the Cedar Rapids Municipal Code:

> Subsection 32.08(h) 1.A. does not permit dwelling units other than watchman's quarters in a [Commercial Warehouse] District.

> Subsection 32.08(h) 2. does not list a dwelling unit as a permitted use.

> Subsection 32.17(b) provides for appealing the decision of the Zoning Administrator or requesting a variance to the Board of Adjustment.

Subsection 32.08(h) defines a commercial warehouse district, in relevant part, as follows:

> The [district] is primarily intended to accommodate wholesale establishments and warehouses and a limited number of heavy commercial uses whose service area is not confined to any one neighborhood or community. Within this district general retail uses would be incompatible.

Thereafter, the ordinance categorizes forty-four principal permitted uses. An apartment or multi-family dwelling unit is not identified as a principal permitted use.

Because the principal use of Riley's property is an apartment building and has been since its construction in 1961, the building qualifies as a nonconforming structure. Under section 32.15(b):

> Any nonconforming building, structure, or use which existed lawfully at the time of adoption of this Ordinance and which remains nonconforming by the terms thereof, and any such lawful building, structure or use which shall become nonconforming upon the adoption of this Ordinance, or any subsequent amendment thereto, may be continued subject to the regulations following in this Section.

Testimony revealed that the building permit was denied because the remodeling project would constitute the addition of an additional dwelling unit which is not permitted pursuant to section 32.15(c)(3)(A)(2):

> Nonconforming multi-family structures may be allowed to expand provided that the number of dwelling units are not increased. Also permitted is the establishment of additional accessory structures or the expansion of existing accessory structures.

On appeal both parties presented various interpretations of whether the permit should be granted under the zoning ordinance. Riley believes she is entitled to remodel the office into a three-bedroom apartment under subsections 32.15(c)(3)(B) and (C) which provide as follows:

> Any nonconforming use may be extended throughout any existing parts of a building which were manifestly arranged or de-

signed for such use at the time of adoption or amendment of this ordinance, but no such use shall be extended to occupy any land outside the building.

If no expansion or enlargement is made, the nonconforming use may be changed to another nonconforming use of the same or of a more restricted classification.

Without deciding if either Riley or the building administrator is correct, we conclude that the decision of the building administrator, although debatable, was not arbitrary, capricious, or unreasonable. *See Call Bond,* 219 Iowa at 578, 259 N.W. at 35 (finding "sufficient ground for debate that it cannot be claimed that the building inspector in either granting or revoking said permit acted arbitrarily or illegally"). Although Riley's interpretation of the city zoning ordinance may be valid, the recognized policy reasons behind the exhaustion doctrine support its application here:

> The exhaustion requirement is both an expression of administrative autonomy and a rule of sound judicial administration. The agency is created as a separate entity, vested with its own powers and duties. The agency should be free, even when it errs, to work out its own problems. The courts should not interfere with the job given to it until it has completed its work. Premature interruption of the administrative process is no more justified than premature interruption of the trial process by interlocutory appeals. The agency, as the tribunal of first instance, should be permitted to develop the factual background upon which decisions should be based. Like the trial court, the agency should be given the first chance to exercise discretion and apply its expertness. In addition, judicial efficiency requires the courts to stay their hand while the party may still vindicate his rights in the administrative process. If he is required to pursue further agency remedies, the courts may never have to intervene.

*City of Des Moines v. Des Moines Police Bargaining Unit Ass'n,* 360 N.W.2d 729, 732 (Iowa 1985) (quoting B. Schwartz, *Administrative Law* § 172, at 498 (1976)); *see also Continental,* 348 N.W.2d at 626 (stating that administrative agencies "should be permitted to correct their own errors before resort is had to the courts").

Riley must exhaust her administrative remedies by appealing the decision of the building administrator to the board of adjustment before seeking judicial review. The district court properly dismissed the petition for judicial review for failure to exhaust adequate administrative remedies.

**AFFIRMED.**