# IN THE COURT OF APPEALS OF IOWA

No. 4-044 / 13-0539
Filed March 26, 2014


**HAWKEYE LAND CO.,**
     Plaintiff-Appellant,

**vs.**

**GRAND RIVER MUTUAL TELEPHONE
CORPORATION,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Wayne County, David L.

Christensen, Judge.


     Hawkeye Land Company appeals from the district court order dismissing

its action against Grand River Mutual Telephone Company.  **AFFIRMED.**


     Jon Michael McCright of Lynch Dallas, P.C., and Andrew Chase Potter,

Cedar Rapids, for appellant.

     Steven Lowell Nelson of Davis, Brown, Koehn, Shors & Roberts, P.C.,

Des Moines, for appellee.

     Mark R. Schuling, Consumer Advocate (Utilities), and John Stewart Long

of Office of Consumer Advocate, for intervenor Office of Consumer Advocate.

     David Lynch and Cecil I. Wright II of Iowa Utilities Board, for amicus curiae

Iowa Utilities Board.

     Considered by Danilson, C.J., Mullins, J., and Miller, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Hawkeye Land Company (Hawkeye) appeals from the district court order dismissing its action against Grand River Mutual Telephone Company (Grand River) because Hawkeye failed to exhaust its administrative remedies. Because Iowa Code section 476.27 (2011) provides an adequate administrative remedy for the claimed wrong and requires that remedy be exhausted before allowing judicial review, and Hawkeye failed to seek administrative redress before filing this action, we affirm.

**I. Background Facts and Proceedings.**

Grand River provides communication services to customers in Wayne County, where Hawkeye owns property. In September 2012, Grand River notified Hawkeye that it was invoking Iowa Code section 476.27 to install conduits in eight locations within railroad right-of-ways on Hawkeye's property. In return, Grand River provided Hawkeye with crossing fees in the amount of $750 per crossing, as required by section 476.27(2)(b).

On November 15, 2012, Hawkeye filed a petition in equity seeking to permanently enjoin Grand River from installing the conduits. On December 5, 2012, Grand River filed a motion to dismiss, supported by affidavits, arguing in part that Hawkeye failed to exhaust its administrative remedies. Hawkeye's resistance to the motion was also supported by affidavits. The motion and resistance were submitted on this record and the oral arguments of counsel on January 29, 2013.

The district court entered its order dismissing the action on March 6, 2013. The court determined that section 476.27 provided an adequate administrative remedy for the alleged wrong and that the statute requires the administrative remedy be exhausted before an appeal may be made to the district court. Because Hawkeye failed to avail itself to the administrative remedy, the court granted Grand River's motion to dismiss.

## II. Scope of Review.

We review the district court's grant of a motion to dismiss for failure to exhaust administrative remedies for correction of errors at law. *See Riley v. Boxa*, 542 N.W.2d 519, 521 (Iowa 1996) (citing what is now Iowa Rule of Appellate Procedure 6.907).

## III. Analysis.

It is undisputed that Hawkeye did not petition the Iowa Utilities Board for relief under section 476.27 before filing this action. Does this failure prevent Hawkeye from initially seeking relief from the court? The district court answered affirmatively and dismissed Hawkeye's action. The question we must answer on appeal is whether the district court correctly found section 476.27 required Hawkeye to exhaust administrative remedies before seeking redress through the courts.

Where the legislature gives an administrative agency jurisdiction to entertain a particular controversy, the jurisdiction is exclusive and must be exhausted before an aggrieved party may seek redress through the courts. *Rowen v. LeMars Mut. Ins. Co.*, 230 N.W.2d 905, 909 (Iowa 1975). An action

commenced without exhausting administrative remedies is subject to dismissal. *See Schneider v. State*, 789 N.W.2d 138, 145 (Iowa 2010) (specifically addressing the exhaustion requirement of the Iowa Tort Claims Act). Two conditions must be met before the exhaustion doctrine can be applied: (1) an adequate remedy must exist for the claimed wrong, and (2) the governing statutes must expressly or impliedly require the remedy to be exhausted before allowing judicial review. *Riley*, 542 N.W.2d at 521.

We agree with the district court that an adequate remedy exists for the claimed wrong. Iowa Code section 476.27(2) sets forth the terms and conditions applicable to railroad right-of-way crossings. The legislature directed the Iowa Utilities Board to adopt rules prescribing the terms and conditions for a crossing. Iowa Code § 476.27(2). It also provided a means for parties to petition the board for relief. *Id.* § 476.27(4)(a). The board adopted Iowa Administrative Code rule 199-42.18(2), which sets forth the procedure for petitioning for relief when special circumstances exist for a particular intended crossing. If Hawkeye felt entitled to block the installation of the conduits on its property, it could have petitioned the board for additional relief pursuant to rule 199-42.18(2).

We then consider whether the statute requires exhaustion of the administrative remedy before allowing judicial review. In making this determination, we look to the legislature's intent, consider the objectives the legislature sought to accomplish, and construe the statute to best effect legislative intent. *Keokuk Cty. v. H.B.*, 593 N.W.2d 118, 125 (Iowa 1999). If there is no explicit statutory direction, we consider whether the exhaustion

requirement would be consistent with the statutory scheme so that any implied exhaustion requirement is tailored to fit the role the legislature assigned to the agency. *Id.*

We conclude the district court correctly interpreted the statute to require exhaustion of administrative remedies. Although no direct language in the statute requires exhaustion, section 476.27(4) provides a mechanism for a party to seek redress through the board.[1] Section 476.27(5) further provides that a party may appeal the board's determination of damages to the district court as set forth in chapter 6B and may appeal the board's determination of issues other than damages pursuant to chapter 17A. The clear implication of the statutory scheme requires a party to exhaust administrative remedies before seeking review by the courts. This interpretation is consistent with the underlying rationale of the exhaustion doctrine, which "is designed to promote orderly procedures within the judicial system by requiring a preliminary administrative sifting process." *Schneider*, 789 N.W.2d at 145.

Following the district court's dismissal of its petition, Hawkeye did file a timely motion asking the court to address certain issues, including constitutional issues, that the district court's ruling did not address. However, before the court ruled on its motion Hawkeye appealed, thus waiving the motion and divesting the court of jurisdiction. *See, e.g.*, *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa

---

[1] Although Hawkeye argues the use of the word "may" in the statute shows the administrative remedy is permissive and not mandatory, our supreme court has stated the use of the term "may" does not warrant the conclusion that the legislature intended to allow judicial relief before the exhaustion of the administrative remedy. *See Riley*, 542 N.W.2d at 522.

2000) ("When the party who has filed a posttrial motion appeals, no jurisdictional problem arises. Rather, we consider the movant-appellant's appeal as having been taken as a matter of right. However, in these circumstances, the appellant is deemed to have waived and abandoned the posttrial motion. Additionally, once the appeal is perfected, the district court loses jurisdiction to rule on the motion, and any such ruling has no legal effect."). Hawkeye has thus not preserved error on issues, if any, that had been presented to the district court but had not been addressed by its decision, and we will not address them.

Having found Hawkeye was required to exhaust its administrative remedies before seeking redress through the courts, we need not consider the other issues and arguments Hawkeye raises on appeal. They should have been raised before the board in an administrative proceeding.

"The failure to exhaust all required administrative remedies deprives the court of its authority and requires dismissal when properly raised." *H.B.*, 593 N.W.2d at 123. Because Hawkeye failed to exhaust its administrative remedies, we affirm the district court order dismissing its petition for permanent injunctive relief.

**AFFIRMED.**