## IN THE COURT OF APPEALS OF IOWA

No. 14-1867
Filed August 5, 2015

**RICHARD EDWARD WALBAUM,**
　　　Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF REVENUE,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Jefferson County, Annette

Scieszinski, Judge.


　　　Richard Walbaum appeals the district court's dismissal of his petition for

declaratory judgment to review agency action. **AFFIRMED.**



　　　Richard E. Walbaum, Fairfield, pro se.

　　　Thomas J. Miller, Attorney General, and Donald D. Stanley Jr., Special

Assistant Attorney General, for appellee.



　　　Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, C.J.**

Richard Walbaum appeals from the district court's order dismissing his petition for declaratory judgment to review agency action, claiming he did not untimely file his protest letter, his administrative remedies were exhausted, and due process requires a hearing before the issuance of a penalty. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

Walbaum did not file tax returns with the Iowa Department of Revenue (IDR) for the years of 2000, 2002, 2006, and 2007. The IDR conducted an audit of Walbaum and, on April 13, 2010, sent him a copy of the IDR's audit adjustments and a letter informing him of the process to follow if he disagreed with the adjustments. On May 5, 2013, Walbaum responded by sending the IDR unsigned returns for those years, which showed no income and no due taxes. He also sent a letter containing his legal theories on why he owned no taxes for those years. The IDR issued an assessment on May 31, 2010. Iowa Code section 422.28 (2009) provides: "A taxpayer may appeal to the director for revision of the tax, interest, or penalties assessed at any time within sixty days *from the date of the notice of the assessment of tax*, additional tax, interest, or penalties." (Emphasis added.) Walbaum failed to submit a protest within the sixty-day period, and the IDR proceeded to initiate collection activity. On March 7, 2011, the IDR issued a notice of intent to levy. This notice contained information on how he could pay for his tax liabilities and the steps he could take if he did not pay.

On April 1, 2013, Walbaum sent a letter to the IDR requesting an administrative hearing. The IDR responded by noting that since he did not timely protest the assessment his request would be denied. Walbaum sent another letter on August 6, 2013, asserting he had timely protested the assessment. The IDR responded by first noting he could not protest the assessment before it was issued and that the letters he sent before the issuance of the assessment were not in the format required by Iowa Administrative Code 701-7.8(6). The IDR also informed him it was aware of the United States Court of Appeal's decision (from July 23, 2010) ruling his challenge to the Internal Revenue Service (IRS) notice of deficiency for the years 2003, 2004, and 2006 was frivolous. The IDR informed Walbaum it could rely on the determinations made by the IRS on the calculation of federal income.

Walbaum sent a protest, in the proper format, on September 24, 2013, and the IDR assigned a docket number for the case on October 16, 2013. The IDR denied the protest as untimely but deemed it a request for reinstatement; reinstatement was subsequently denied in an April 2, 2014 letter. The IDR informed Walbaum of an "second opportunity to protest the assessment" pursuant to Iowa Code section 421.60(4)(h) (2013). Walbaum then sent the IDR a letter repeating the same argument about timeliness and stating he would file in court.

On June 10, 2014, Walbaum filed a petition for declaratory judgment to review agency action. The IDR filed a motion to dismiss, and after a hearing, the district court granted the motion. On September 12, 2014, Walbaum filed a

4

motion to clarify and reconsider its order. The district court denied the motion, and Walbaum appealed.

We find Walbaum's claims on appeal are without merit. Walbaum has failed to exhaust his administrative remedies before seeking judicial review. *Riley v Boxa*, 542 N.W.2d 519, 524 (Iowa 1996). We affirm the district court's dismissal of Walbaum's petition.

**AFFIRMED.**