# IN THE COURT OF APPEALS OF IOWA

No. 15-0782
Filed June 15, 2016

**THEODORE PATRICK WRIGHT,**
Plaintiff-Appellant,

**vs.**

**STATE OF IOWA and**
**DEPARTMENT OF PUBLIC SAFETY,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Plaintiff appeals the district court's grant of summary judgment to defendants on his claim of breach of an employment contract. **AFFIRMED.**

Kenneth R. Munro of Munro Law Office, P.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Jeffrey C. Peterzalek and Matthew Oetker, Assistant Attorneys General, for appellees.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Plaintiff Theodore Wright appeals the district court's grant of summary judgment to the State of Iowa and the Iowa Department of Public Safety (DPS) on his claim of breach of an employment contract. Wright made the decision not to appeal the disciplinary action against him to the Employment Appeal Board (EAB). Because Wright failed to exhaust administrative remedies, the district court was deprived of authority to hear the case. We affirm the district court decision granting summary judgment.

## I.     Background Facts & Proceedings

Wright began working for the DPS in 1992, and eventually attained the rank of sergeant. During 2011 he was serving as the staff inspection coordinator and property evidence manager in the Professional Standards Bureau of the DPS. Wright's supervisors were concerned about his job performance and conducted an investigation. Wright wrote a formal letter of resignation on June 22, 2011, but did not give it to anyone at that time.

On July 7, 2011,[1] Wright received notice he had failed to follow the DPS rules and "Effective Friday, July 8, 2011, you shall be demoted from the rank of Sergeant to the rank of Trooper III." The notice also stated, "You have the right to appeal this action. A copy of this notice will be filed with the Employment Appeal Board as the statement of charges set forth in [Iowa Code] section 80.15 [(2011)]. Pursuant to the Board's rules, you have 30 days to file an appeal with the Board." A copy of the notice was sent to the EAB. Wright testified he

---

[1] The document is dated June 7, 2011. Wright signed the document to show he received it on July 7, 2011.

delivered his letter of resignation on July 8, 2011. Wright did not appeal to the EAB.

On January 13, 2014, Wright filed an action against the State and the DPS (collectively referred to as the State) claiming he was constructively discharged from the DPS, his discharge was in retaliation for a complaint he made against his supervisor, and the DPS had not followed its own procedures by demoting him.[2] The State filed a motion for summary judgment, asserting (1) the facts and the law did not support a claim of wrongful discharge in violation of public policy,[3] (2) the facts and the law did not support a claim under a unilateral contract theory, and (3) Wright's claims were untimely under Iowa Code chapter 669. Wright resisted the motion, claiming the State had not followed the statutory requirements of section 80.15.

The district court entered a ruling on the motion for summary judgment on April 30, 2015. The court did not make a determination of whether Wright was an at-will employee, but determined even if he was an at-will employee, he could not show he had been discharged in violation of public policy. The court found Wright could not seek relief under section 80.15 because he did not file an appeal with the Iowa Department of Inspections and Appeals (DIA), and the court concluded he failed to exhaust administrative remedies. The court granted summary judgment to the State. Wright appeals.

---

[2] Wright filed a claim with the State Appeal Board, pursuant to Iowa Code section 669.5, and the State Appeal Board made a final disposition of the claim.
[3] The State previously raised this claim in a motion to dismiss. The district court denied the motion. The Iowa Supreme Court denied the State's application for interlocutory appeal of the district court's order.

## II.      Standard of Review

Our review of a district court decision granting summary judgment is for the correction of errors at law. *United Suppliers, Inc. v. Hanson*, 876 N.W.2d 765, 772 (Iowa 2016). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see also* Iowa R. Civ. P. 1.981(3). "We view the facts in the light most favorable to the nonmoving party." *Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016).

## III.      Discussion

Section 80.15 provides:

After the twelve months' service, a peace officer of the department [of public safety], who was appointed after having passed the examinations, is not subject to dismissal, suspension, disciplinary demotion, or other disciplinary action resulting in the loss of pay unless charges have been filed with the department of inspections and appeals and a hearing held by the employment appeal board created by section 10A.601, if requested by the peace officer, at which the peace officer has an opportunity to present a defense to the charges. The decision of the appeal board is final, subject to the right of judicial review in accordance with the terms of the Iowa administrative procedure Act, chapter 17A.

Iowa Administrative Code rule 486-6.1 provides:

(1) *Form and time of appeal.* The department of public safety shall file with the employment appeal board notice of intent to dismiss a member of the department, including capitol security officers covered under Iowa Code section 80.15. The notice of intent to dismiss shall become final unless within 30 days a request (hereafter called an appeal) to appear and defend the charges is filed by the person named.
. . . .
(5) *Hearings.* The hearing shall be conducted by a quorum of the appeal board or an administrative law judge designated by the appeal board. A quorum of the appeal board shall consist of two members of the board.

(6) *Decisions.* The decision of the appeal board shall be by majority vote. The decision shall be a final decision unless a petition for judicial review is filed within 30 days of the date of the decision in the appropriate district court.

On appeal, Wright claims the district court erred by finding he had failed to exhaust his administrative remedies. He states there is no administrative remedy in section 80.15 for the claimed wrong in this case. Wright states the DPS failed to follow the statutory requirements of section 80.15, which should have permitted him a hearing before disciplinary action was taken. He claims section 80.15 does not provide the right to a hearing after disciplinary action.

The failure to exhaust administrative remedies deprives a court of authority to hear a case. *Ghost Player, L.L.C. v. State*, 860 N.W.2d 323, 325 (Iowa 2015). In order for the rule requiring the exhaustion of administrative remedies to apply, "an adequate administrative remedy must exist for the claimed wrong, and the governing statutes must expressly or impliedly require the remedy to be exhausted before allowing judicial review." *Riley v. Boxa*, 542 N.W.2d 519, 521 (Iowa 1996). There is an exception to the exhaustion requirement "when the administrative remedy is inadequate or its pursuit would be fruitless." *Id.* "The futility exception is concerned with the adequacy of the remedy, not a perceived predisposition of the decision maker." *North River Ins. Co. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 546 (Iowa 1993).

Section 80.15 may be considered a special rule governing the discipline and dismissal of most public employees who are members of the DPS. *See Worthington v. Kenkel*, 684 N.W.2d 228, 231 (Iowa 2004). Under section 80.15, a peace officer employed by the DPS may not be subject to dismissal,

suspension, disciplinary demotion, or other disciplinary action resulting in a loss of pay unless the DPS filed charges with the DIA. *See id.*; s*ee also* Iowa Admin. Code r. 486-6.1(1) (providing notice of intent to dismiss a member of DPS must be filed with the EAB). In the present case, DPS sent a copy of the notice of demotion to the EAB on July 8, 2011.[4] The notice informed Wright he had thirty days to file an appeal with the EAB.

A peace officer may request a hearing before the EAB in order to present a defense to charges, which may result in disciplinary action. Iowa Code § 80.15. A request for a hearing, also called an appeal, must be filed within thirty days after the notice of intent to dismiss has been filed with the EAB. Iowa Admin. Code r. 486-6.1(1), (2). After the thirty-day period has passed, the notice of intent to dismiss becomes final. *Id.* r. 486-6.1(1). In the present case, Wright could have filed an appeal with the EAB within thirty days after the notice of demotion was sent to the EAB on July 8, 2011. The appeal to the EAB may be made after the disciplinary action takes effect. *See Hedlund v. State*, 875 N.W.2d 720, 722 (Iowa 2016) (finding the employee filed an appeal of the termination notice with the EAB pursuant to section 80.15 after he was discharged). The final decision of the EAB may be challenged in a petition for judicial review. Iowa Code § 80.15; Iowa Admin. Code r. 486-6.1(6).

Section 80.15 provided an administrative remedy to Wright, and there is nothing in the record to show this remedy was inadequate. We find no error in the district court's determination there was an adequate administrative remedy

---

[4] The Employment Appeal Board was created within the Department of Inspections and Appeals. Iowa Code § 10A.601.

for the claimed wrong.  See *Riley*, 542 N.W.2d at 521.  Additionally, section 80.15 and rule 486-6.1(6) require the administrative remedy to be exhausted before allowing judicial review.  *See id.*  Since these requirements have not been met, the doctrine of exhaustion of administrative remedies applies in this case. *See id.*

Wright made the decision not to appeal the disciplinary action to the EAB. Because Wright failed to exhaust administrative remedies, the district court was deprived of authority to hear the case.  *See Ghost Player*, 860 N.W.2d at 325. We affirm the district court decision granting summary judgment to the State.

**AFFIRMED.**