## IN THE COURT OF APPEALS OF IOWA

No. 21-0331
Filed March 2, 2022

**MARK B. IRLAND,**
       Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
       Defendant-Appellee.

_____

       Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


       Dr. Mark B. Irland appeals the dismissal of his petition for judicial review regarding a confidential clinical competency evaluation ordered by the Iowa Board of Medicine.  **AFFIRMED.**


       David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellant.

       Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, Des Moines, for appellee.


       Heard by Bower, C.J., and Tabor and Chicchelly, JJ.

**CHICCHELLY, Judge.**

On April 9, 2020, the Iowa Board of Medicine (the "Board") ordered a confidential clinical competency evaluation of Dr. Mark B. Irland pursuant to Iowa Code section 272C.9 (2020) and Iowa Administrative Code rule 653–24.4. Dr. Irland moved to dismiss the Board's order, and an Administrative Law Judge denied his request. After seeking judicial review of that decision, Dr. Irland now appeals the district court's dismissal of his petition for judicial review. We affirm the dismissal.

## I. Background Facts & Proceedings

The Board's April 2020 order for a confidential clinical competency evaluation comes with significant procedural history. To begin, Marengo Memorial Hospital revoked Dr. Irland's clinical privileges for emergency medicine after an investigation into his treatment of a particular patient in October 2015. The hospital's revocation cited "serious concerns about [his] clinical competency, inadequate medical record keeping and poor documentation, disruptive behavior and unprofessionalism, and substandard care which may have contributed to a catastrophic patient outcome." After Dr. Irland appealed, the hospital upheld its revocation.

In response to this incident, the Board issued a confidential letter of warning to Dr. Irland on November 29, 2017. Noting that Dr. Irland was no longer practicing medicine, the Board expressed serious concern about Dr. Irland's actions but chose not to initiate further action. Instead, the Board's letter instructed Dr. Irland to provide it with written notice should he return to practicing medicine, at which time the Board would "take appropriate action, including but not limited to, issuing

an order for a comprehensive clinical competency evaluation." The letter stated that it did not constitute disciplinary action and that it concluded the Board's investigation. However, the Board "reserve[d] the right to review and reconsider this matter should it be deemed appropriate."

Dr. Irland sought judicial review of the 2017 warning letter. Ultimately, the Iowa Supreme Court ruled in early 2020 that the portion of the letter requiring a competency evaluation upon his return to practicing medicine was invalid. *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 94 (Iowa 2020). Specifically, the Court ruled that the requirement for such an evaluation constituted disciplinary action without due process. *Id.* at 87. The Court remanded the case for entry of an order directing the Board to rescind the portion of the letter requiring an evaluation upon Dr. Irland's return to practicing medicine. *Id.* at 94. The Court specifically noted, "Nothing in this opinion precludes the Board from reopening its investigation into Dr. Irland's conduct and following proper procedures to determine if discipline is warranted." *Id.* at 94–95.

In light of the Iowa Supreme Court's ruling, the Board issued a new letter to Dr. Irland on April 2, 2020, rescinding the 2017 warning letter in its entirety. Therefore, the Board simultaneously removed the requirement for a competency evaluation and retracted its statement therein that the investigation was concluded. On April 7, 2020, the district court issued an order in line with the Supreme Court's decision, instructing the Board to rescind the portion of the letter requiring a competency evaluation and reiterating the Board's ability to reopen its investigation and consider disciplinary action.

On April 9, 2020, the Board issued the order at the center of this appeal: a confidential clinical competency evaluation order for Dr. Irland. Pursuant to Iowa Administrative Code rule 653–24.4, a licensee subject to a board evaluation order who objects to the evaluation may file a request for a contested case hearing within fourteen days of issuance of the evaluation order. However, rather than requesting a hearing, on April 23, 2020, Dr. Irland instead filed a motion to dismiss the order. An Administrative Law Judge (ALJ) denied Dr. Irland's motion for failure to exhaust administrative remedies. Dr. Irland then filed a petition for judicial review with the district court, arguing that the Board exceeded its authority in issuing the letter. In response, the Board moved to dismiss Dr. Irland's petition, arguing that Dr. Irland failed to exhaust his administrative remedies prior to filing it. The district court granted the Board's motion to dismiss, and Dr. Irland appealed.

## II. Standard of Review

Our review is for correction of errors at law. *Ghost Player, L.L.C. v. State*, 860 N.W.2d 323, 326 (Iowa 2015). "We review the district court decision by applying the standards of the [Iowa] Administrative Procedure Act [IAPA] to the agency action to determine if our conclusions are the same reached by the district court." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013) (alterations in original) (citation omitted).

## III. Analysis

The IAPA provides that a "party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter." Iowa Code § 17A.19(1). In the context of a Board evaluation order, a contested case hearing

is the administrative remedy available to affected licensees. Iowa Admin. Code r. 653–24.4(3) ("A licensee who is the subject of a board evaluation order and who objects to the order may file a request for hearing . . . within 14 days of issuance of the evaluation order. . . . The hearing shall be considered a contested case proceeding . . . .").

The Board has authority to order a clinical competency evaluation "upon a showing of probable cause that the licensee is professionally incompetent." Iowa Admin. Code r. 653—24.4. Such an order is an investigative tool at the Board's disposal. An order for a competency evaluation is fundamentally different from a letter of warning. *Compare* Iowa Admin. Code r. 653–24.4, *with* Iowa Admin. Code r. 653–24.2(5)(e)(4) (distinguishing that an evaluation order requires a finding of probable cause and the opportunity for a hearing, whereas a warning letter is permissible when insufficient probable cause exists to pursue disciplinary action). Upon reviewing an investigative record, the Board may choose to take a variety of actions, including, but not limited to, requesting further investigation, issuing an informal letter of warning, filing a statement of charges, or closing the investigative file. Iowa Admin. Code r. 653–24.2(5)(e). However, the Board has the express authority to reconsider and reopen investigations. Iowa Admin. Code r. 653–24.2(5)(e)(1) ("The board may reconsider and reopen a closed complaint or investigative file at a later date should it be deemed appropriate.").

In this case, the plain fact of the matter is that a contested case hearing has not occurred with respect to the Board's 2020 evaluation order issued to Dr. Irland. Such a hearing may remedy the matter because the Board could determine that

insufficient probable causes exists to pursue further investigative or disciplinary action.

Dr. Irland argues that a contested case hearing is not an adequate remedy because the hearing itself is the harm he seeks to avoid. He advances two theories in this regard: 1) that the Board violated the Iowa Supreme Court's 2020 ruling in *Irland*, 939 N.W.2d 85, and 2) that an implicit finding of no probable cause persists. We find both of these arguments without merit. First, the Board did not violate the Court's remand orders because it did rescind the directive in question and proceeded to lawfully reopen or continue its prior investigation. *See Irland*, 939 N.W.2d at 94. Second, even if the 2017 letter of warning implicitly found no probable cause, the Board had authority to reconsider and reopen its investigation. *See* Iowa Admin. Code r. 653–24.2(5)(e)(1). The question of whether probable cause exists is the type of issue that can be raised and decided at a contested case hearing. Without the contested case hearing, the Board has not had the opportunity to take final agency action on this question. It is therefore not ripe for our review.

When final agency action has not occurred, "A preliminary, procedural, or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy." Iowa Code § 17A.19(1). To establish that review of final agency action would not provide an adequate remedy, "[w]e require . . . a clear showing of an irreparable injury of substantial dimension." *Riley v. Boxa*, 542 N.W.2d 519, 522 (Iowa 1996).

Dr. Irland similarly fails to satisfy the threshold for immediate review of preliminary agency action. *See* Iowa Code § 17A.19(1). First, all adequate administrative remedies have not been exhausted because the contested case hearing has not occurred. Therefore, the first prong is unmet. Second, Dr. Irland has advanced no theory of an irreparable injury.

Dr. Irland has not overcome the doctrine of exhaustion of administrative remedies or satisfied the requirements for immediate judicial review. Accordingly, there is no jurisdiction for judicial review at this time. We affirm the district court's order granting the Board's motion to dismiss.

**AFFIRMED.**