Matthew Mark **BOLES**, Appellant,

v.

**STATE FARM FIRE AND CASUALTY COMPANY,** Appellee.

No. 91–1463.

Supreme Court of Iowa.

Nov. 25, 1992.

Rehearing Denied Jan. 19, 1993.

Jerry L. Schnurr, III of Trevino, Leehey & Schnurr, Fort Dodge, for appellant.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Plaintiff, Matthew Mark Boles, who seeks a declaratory judgment confirming his liability insurance coverage with the defendant, State Farm Fire and Casualty Company, appeals from an adverse summary judgment. The issue is whether the defendant insurance company is obligated to defend plaintiff in a civil action arising from a barroom scuffle and to indemnify him against any resulting liability.

After reviewing the motion papers relating to the grant of summary judgment and the arguments of the parties on appeal, we conclude that the court of appeals correctly determined that an issue of fact was presented concerning the exclusionary language of the defendant's insurance policy. That court erred, however, in ordering that plaintiff's motion for summary judgment be sustained on the issue of defendant's duty of providing a defense.[1] Consequently, we affirm the decision of the court of appeals and reverse the district court's grant of summary judgment.

This insurance coverage dispute arose from a civil action commenced against the present plaintiff by one Greg Martin on theories of intentional tort and negligence. The defendant insurer contends that because plaintiff deliberately injured Martin it has no duty to defend or indemnify him

---

1. For purposes of this appeal, we assume that the defendant insurer is correct in contending that, as between the parties to this action, its policy exclusions for expected or intended injury or for willful and malicious acts would negate any duty to defend or indemnify its insured on the negligence claims if it were established in the declaratory judgment action that, in fact, the insured's conduct was of the type that triggers these exclusions. *See Aid Ins. Co. v. Chrest,* 336 N.W.2d 437 (Iowa 1983). As we have indicated, however, we are not convinced at this juncture that this proposition has been established as a matter of law.

against this claim. It posits that contention on a policy exclusion, which states:

Coverage ... do[es] not apply to:

a. bodily injury or property damage:

(1) which is either expected or intended by an insured; or

(2) to any person or property which is the result of willful and malicious acts of an insured.

On March 14, 1989, the plaintiff was watching some friends play pool in an Ames bar. With him were a male friend and a female friend. One of the bar's patrons, Greg Martin, approached plaintiff's group, made a sexual remark to plaintiff's female friend and pulled her skirt up. When plaintiff protested, Martin asked whether plaintiff "wanted to do something about it." Just what happened thereafter is disputed, although it appears without dispute that eventually plaintiff's hand, in which he held a beer glass, made contact with Martin's head.

Plaintiff's version of the facts, as contained in the motion papers, may be gleaned from the following excerpts from his deposition:

Q. [Would you describe your actions?] A. ... I put my left hand on his shoulder and, as I pushed him away, I had a beer still in my right hand.... And as I pushed with my left hand trying to get separation, his head went from the position it was in more forward because I had made contact with his left shoulder and as I came through with the other hand trying to push with the other hand away, the beer glass was still resting in my hand, and it struck him with part of the glass right above the eye....

. . . .

Q. Well you touched him? A. That's correct.

Q. And you did that intentionally and deliberately; didn't you? A. I intended to separate myself from his intentional contact.

Q. You intended to make contact with his body with your hand; didn't you? A. With my left hand, yes, I did.

. . . .

Q. And you also made contact with him with your right hand; didn't you? A. I made contact with him with the beer glass that was in my right hand.

. . . .

Q. And you were intending to make contact sufficient to get him off of your body? A. When I hit—When I pushed him with my left hand, that's what I was intending to do, get separation.

Q. And isn't that what the right hand was doing, too? ... come in contact with him at all? A. Right.

Q. As you perceived the situation? A. The right hand was a reflex, and due to the fact that my left hand had already made contact with Greg, his head went from a position that was probably five or six inches from the right where he was sitting immediately to the left. And that's when the hand—

Q. Now, you say that you intended to touch him with the left hand in order to get separation. A. That's correct.

Q. And you also told me that the contact between the right hand and Greg Martin was a reflex; is that right? A. Correct.

. . . .

Q. So, this was a reflex by the right hand to keep separation between you and Mr. Martin? A. The entire action was a reflex, but I intended to get separation.

A proper grant of summary judgment depends on the legal consequences flowing from the undisputed facts or from the facts viewed most favorably toward the resisting party. *Paul v. Ron Moore Oil Co.*, 487 N.W.2d 337, 338 (Iowa 1992); *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984). We agree with the court of appeals that, however strongly the aggregate evidence on the summary judgment motion favored the insurer's position, plaintiff's testimony is sufficient to generate a factual issue on the critical coverage questions. These are: (1) whether the injury in the underlying case was expected or intended by the insured, *see AMCO Ins. Co. v. Haht*, 490 N.W.2d 843, 845 (Iowa 1992); or (2) whether the injury is the result of willful and malicious acts of the insured.

This factual issue precluded a grant of summary judgment in favor of either party.

We have considered all issues presented and conclude that the decision of the court of appeals was correct. The decision of the court of appeals is affirmed in part and vacated in part. The judgment of the district court is reversed. The case is remanded to the district court for further proceedings.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.