# IN THE SUPREME COURT OF IOWA

No. 71 / 05-1052

Filed February 23, 2007

**BILL FENNELLY, SCOTT COUNTY
TREASURER,**

Appellant,

vs.

**A-1 MACHINE & TOOL CO.,**

Appellee.

Appeal from the Iowa District Court for Scott County, Gary D. McKenrick, Judge.

Appeal and cross-appeal from summary judgment entered by the district court in favor of the County Treasurer for claims against a taxpayer based on property taxes from 1998–2001, and dismissing a claim for property taxes from 1997. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Thomas C. Fritzsche, Assistant County Attorney, for appellant.

John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, for appellee.

**CADY, Justice.**

This appeal and cross-appeal is a companion case to *Fennelly v. A-1 Machine & Tool Co.*, 728163W.2d ___ (Iowa 2006) [hereinafter *Fennelly I*], and involves an action brought to collect property taxes from 1997–2001 after the district court dismissed the petition in *Fennelly I*. We are presented with the question of whether the district court properly granted summary judgment to A-1 Machine & Tool Co. (A-1) for the 1997 tax claim, and summary judgment to the Scott County Treasurer (Treasurer) for the 1998–2001 tax claims. We conclude the reversal of the district court judgment in *Fennelly I* necessitates reversing the 1997 tax claim judgment. We also conclude our decision in *Fennelly I* renders A-1's arguments based on res judicata inapplicable to the judgment for the 1998–2001 taxes. Moreover, we conclude A-1's remaining arguments against summary judgment for the 1998–2001 taxes are without merit. Finally, we conclude the parties' arguments concerning attorney fees and sanctions were either not preserved or are meritless. Accordingly, we affirm the district court in part, reverse in part, and remand for further proceedings.

### I. Background Facts and Proceedings.

The background facts of this case are set out in our opinion in *Fennelly I*. They involve a claim by the Treasurer to collect delinquent real property taxes from A-1 for the tax years 1989–2001. In *Fennelly I*, the district court dismissed the claim for each year, finding the claims for delinquent taxes from 1989–1996 were outside the statute of limitations and the claims for delinquent taxes from 1997–2001 could not be brought because the Treasurer did not first obtain a tax sale certificate. After the district court in *Fennelly I* granted summary judgment to A-1,

and dismissed the petition to collect the delinquent taxes, the Treasurer filed a notice of appeal. He then obtained a tax sale certificate for the tax years from 1997–2001 (which was found lacking by the district court in *Fennelly I*), and filed a new action in district court to collect the delinquent taxes from 1997–2001.

A-1 moved to strike the 1997 and 1998 tax claims from the Treasurer's petition because of issue preclusion and the operation of the five-year statute of limitations. A-1 also moved to dismiss the petition and for summary judgment based on the operation of Iowa Rule of Civil Procedure (IRCP) 1.444 and IRCP 1.946, and our principles of claim preclusion. In its motion for summary judgment, A-1 also requested it be awarded the costs of defense, including reasonable attorney's fees and court costs under either IRCP 1.413 or the common law. A-1 later filed an affidavit in support of attorney's fees.

The Treasurer resisted A-1's motions, and claimed "[A-1's] conduct in bringing on this spurious motion for attorney's fees is itself abusive, and the Court should consider on its own initiative invoking sanctions against [A-1] under IRCP 1.413(1)." The Treasurer then moved for summary judgment. He claimed he was entitled to judgment as a matter of law on the tax claims from 1997–2001 because A-1's defenses were irrelevant and immaterial, and there were no material controversies between the parties.

The district court denied A-1's motions, but did not discuss A-1's request for attorney fees and costs. As a result, the Treasurer moved pursuant to IRCP 1.904(2) to enlarge the district court's ruling so a hearing could be set on A-1's application for attorney's fees and sanctions, and for the district court to consider awarding fees and

sanctions to the Treasurer on its own initiative. The district court denied the Treasurer's motion because it believed a hearing at this stage in the proceedings was premature—as there had not been a trial on the merits and the Treasurer's motion for summary judgment was still pending.

Thereafter, A-1 moved for partial summary judgment regarding the 1997 tax claim. The district court entered judgment for A-1 on the 1997 tax claim based on issue preclusion. It found the district court's judgment in *Fennelly I* precluded the Treasurer from relitigating whether the statute of limitations applied, and the 1997 tax claim was not brought within the five-year period. The district court entered judgment for the Treasurer on the claims for taxes from 1998–2001. It rejected all the arguments raised by A-1, including the argument the claims were barred by the doctrine of claim preclusion.

Both parties then moved pursuant to IRCP 1.904(2) to clarify the district court's order. Neither of these motions requested the court to consider the parties' original applications for attorney fees and sanctions. The Treasurer, however, later requested the court to set an evidentiary hearing regarding the parties' "cross-applications" for IRCP 1.413(1) relief in its resistance to A-1's IRCP 1.904(2) motion. A-1 then resisted the Treasurer's IRCP 1.904(2) motion and made no mention of its application for IRCP 1.413(1) relief.

The district court's order regarding the parties' IRCP 1.904(2) motions declared the issues regarding IRCP 1.413(1) relief moot. Subsequently, the Treasurer moved for an order nunc pro tunc to clarify what the district court meant when it held the claims for attorney fees or sanctions were moot. The Treasurer did so because he did not agree with A-1's interpretation of the district court's order. A-1 interpreted the

order to mean it could still request common-law attorney fees (but not fees or sanctions under IRCP 1.413(1)), whereas the Treasurer believed the district court meant A-1's dual application for fees and sanctions under both the common-law and IRCP 1.413(1) was moot.

In the nunc pro tunc order, the Treasurer specifically requested the district court deny as moot A-1's dual application for attorney fees and sanctions under both the common law and IRCP 1.413(1), and also decline the Treasurer's request for the court to consider on its own initiative sanctioning A-1 under IRCP 1.413(1). The court declined the Treasurer's motion, emphasizing it had already concluded "all claims for attorney fees were moot. No further explication or expansion of the Court's ruling is necessary."

The Treasurer appealed from the judgment for A-1 on the 1997 tax claim. A-1 cross-appealed from the judgment for the Treasurer on the 1998–2001 tax claims.

## II. Standard of Review.

Our review in summary-judgment appeals is for the correction of errors at law. *Stewart v. Sisson*, 711 N.W.2d 713, 715 (Iowa 2006).

> A motion for summary judgment should only be granted if, viewing the evidence in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005) (quoting Iowa R. Civ. P. 1.981(3)). We generally review decisions concerning attorney fees for an abuse of discretion, but decisions regarding common-law attorney fees are reviewed de novo. *Fennelly I*, 728 N.W.2d at 167_; *see In re Benson*, 545 N.W.2d 252, 258 (Iowa 1996)

("An award of attorney's fees is not a matter of right but rests within the discretion of the court.").

### III. The Treasurer's Appeal: Judgment for A-1 on 1997 Taxes.

The district court granted summary judgment for A-1 on the 1997 taxes based on issue preclusion. The court determined the statute-of-limitations issue had already been litigated and decided (in favor of A-1) by the district court in *Fennelly I,* and the Treasurer was precluded from relitigating it again in this action. Because the court in *Fennelly I* decided the five-year statute of limitations applies to the Treasurer, and the Treasurer filed *Fennelly II* more than five years after the claim for 1997 taxes accrued, it entered summary judgment for A-1 on this claim.

On appeal in *Fennelly I,* we held the statute of limitations did not apply to the Treasurer. Thus, we have before us a judgment based on a judgment subsequently reversed. This situation is covered by section 16 of the Restatement (Second) of Judgments. That section provides:

> A judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but the later judgment may be set aside, in appropriate proceedings, with provision for any suitable restitution of benefits received under it.

Restatement (Second) of Judgments § 16, at 145 (1982). A comment to the section states when an appeal from the second judgment is pending when the first judgment is reversed, "[t]he court should then normally set aside the later judgment." *Id.* § 16 cmt. *c*, at 147. Therefore, we reverse the summary judgment for A-1 on the 1997 taxes.

### IV. A-1's Cross-Appeal: Judgment for the Treasurer on 1998–2001 Taxes.

We next consider A-1's argument on cross-appeal that the Treasurer was precluded from suing again for the 1997–2001 taxes, after

obtaining the tax sale certificates found lacking in the original action brought by the Treasurer to collect the taxes. A-1 argues the operation of IRCP 1.444 and IRCP 1.946, in conjunction with the doctrine of res judicata, prohibits the Treasurer from bringing the second action. A-1 raised these arguments previously in its motion to dismiss and motion for summary judgment. The district court, however, denied the motions, holding IRCP 1.444 did not apply, the summary judgment in *Fennelly I* was not an adjudication on the merits under IRCP 1.946, and, therefore, res judicata did not apply. A-1 challenges these conclusions on cross-appeal.

We need not resolve these arguments on their merits. On appeal in *Fennelly I*, we reversed the "judgment" A-1 now claims as the basis for claim preclusion. In such circumstances, A-1's arguments in support of claim preclusion are inapplicable. Even if the district court had agreed with A-1 and granted summary judgment based on claim preclusion (or we did so here on appeal), "[r]eversal and remand for further proceedings on the entire case [in *Fennelly I* ] defeats preclusion entirely until a new final judgment is entered by the trial court or the initial judgment is restored by further appellate proceedings." 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4432, at 66–67 (2d ed. 2002); *see Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 876 n.2 (5th Cir. 1997) (noting plaintiff's claims cannot be barred by res judicata because state court's decision that formed the basis for res judicata was reversed, and that reversal defeated preclusion entirely); *Tavery v. United States*, 897 F.2d 1032, 1033 (10th Cir. 1990) (reversing district court's judgment that was based on preclusion because the court vacated the decision of the tax court

that formed the basis of the district court judgment); *Amalgamated Cotton Garment & Allied Indus. Fund v. J.B.C. Co. of Madera, Inc.*, 608 F. Supp. 158, 163 (W.D. Pa. 1984) ("A judgment that has been reversed on appeal is thereby deprived of all conclusive effect for purposes of both *res judicata* and collateral estoppel."). Therefore, we need not address A-1's arguments regarding claim preclusion.[1]

Nevertheless, a judgment was entered by the district court on the Treasurer's claims for taxes from 1998–2001. Therefore, we proceed to address A-1's remaining arguments to determine whether the district court's entry of summary judgment was otherwise valid.

A-1 essentially raises two claims of trial court error in entering summary judgment for the 1998–2001 taxes. First, it claims its resistance to the summary judgment motion set forth several items of evidence to show the Treasurer was estopped to collect the taxes. This evidence included claims by A-1 that the property taxed was no longer in existence by 1998, A-1 was never contacted by the assessor to update the tax list, the valuations of the property were increased by the assessor, A-1 only kept its records for five to seven years, and it was otherwise at a disadvantage in defending the lawsuit. Second, A-1 claims its resistance to the summary judgment presented a factual

---

[1]The rationale we used to reverse the judgment on the 1997 tax claim is not available for us regarding the 1998–2001 tax claims because this portion of the second judgment (the judgment in this case) was *not based* on the judgment in *Fennelly I*. In *Fennelly I*, the district court granted judgment for A-1 on the 1998–2001 taxes because of the failure of the Treasurer to satisfy a condition precedent. The Treasurer then satisfied the condition, filed a new action, and established his right to a judgment. That judgment, however, was not based on the first judgment. Summary judgment granted by the district court for the Treasurer on the 1998–2001 taxes in this case was based on the decision by the district court that res judicata did not apply and A-1's remaining arguments were unavailing. Summary judgment was not granted based on the judgment entered for A-1 in *Fennelly I*. Thus, the validity of the second judgment does not rest on the validity of the first judgment and the Restatement rule does not apply.

dispute over the question of whether the Treasurer gave A-1 the required statutory notices to enable the Treasurer to collect the taxes.

We recognize equitable estoppel may be a viable defense to a property tax collection action under exceptional circumstances. *See Fennelly I*, 728 N.W.2d at 174; *see also Williams v. VanSickle*, 659 N.W.2d 572, 580 (Iowa 2003) (listing the elements of equitable estoppel). We rejected this defense by A-1 in *Fennelly I*, and we again reject it under the circumstances alleged in this case. The evidence alleged by A-1 falls far short of the type of evidence necessary to establish equitable estoppel. We agree with the district court that A-1 failed to present material facts to support its claim as a matter of law.

A-1 also failed to establish a genuine issue of material fact to withstand summary judgment by claiming it never received the statutory notice of tax sale pertaining to the tax claims in dispute. *See* Iowa Code §§ 445.2, 446.2, 446.9 (2005). This claim is insufficient because the failure to receive the required notices is not a defense. *See id.* §§ 446.2, 446.9(4). The statute only requires the treasurer to properly mail notice. *Id.* The Treasurer submitted evidence showing the notices were properly mailed. Thus, A-1's claim it never received the notices is insufficient to withstand summary judgment.

Accordingly, we conclude the district court properly entered summary judgment for the Treasurer on the 1998–2001 taxes.

**V. Attorney Fee and Sanction Claims.**

A-1 claims on appeal the district court should have granted A-1 an award of common-law attorney fees. A-1 does not appeal the district court's denial of its application for fees and sanctions under IRCP 1.413(1). The Treasurer claims on appeal the district court abused its

discretion by not holding an evidentiary hearing to determine the propriety of awarding attorney fees and sanctions against A-1.

A-1's claim for common-law attorney fees on appeal was not addressed in the district court's summary judgment order, and A-1 failed to bring this issue to the district court's attention thereafter. As a result, we hold A-1 did not preserve this issue for appeal. *See* Iowa R. Civ. P. 1.904(2); *Meier v. Senecaut III*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

The Treasurer responded to the district court's summary judgment order with an IRCP 1.904(2) motion and a subsequent "Request to Set Evidentiary Hearing on Cross Applications for Rule 1.413(1) Relief." Even assuming this was sufficient to preserve error, the Treasurer later abandoned his argument for an evidentiary hearing. Moreover, we do not believe the district court abused its discretion when it determined all claims for attorney fees and sanctions were moot, thereby denying the Treasurer's request for an evidentiary hearing.

The Treasurer originally requested the court to deny A-1's application for fees and sanctions. In the alternative, the Treasurer requested the court to enter an order striking A-1's application for fees, and thereafter consider, on its own initiative, holding an evidentiary hearing to award the Treasurer fees and sanctions. This remained the Treasurer's argument throughout the course of the proceedings, as he never made a formal application for fees or sanctions under IRCP 1.413(1). Therefore, when the court denied A-1's application for fees and sanctions the Treasurer received what he requested, and his alternate

request for an evidentiary hearing was, in fact, moot. Moreover, the Treasurer abandoned any request for an evidentiary hearing in his application for order nunc pro tunc by asking the court to decline the invitation to enter sanctions and fees on its own initiative. We are satisfied the record reveals the district court did not abuse its discretion by denying the Treasurer an evidentiary hearing.

## VI. Conclusion.

We have fully reviewed and considered all of the claims and arguments of the parties. We reverse that portion of the summary judgment ruling on the taxes for 1997. We affirm the judgment of the district court as it relates to the taxes from 1998–2001. We also conclude A-1 failed to preserve error regarding its claim for common-law attorney fees, and the district court did not abuse its discretion by declaring the attorney fee and sanction issues moot. We remand the case to the district court for further proceedings, and to consider consolidating the case with the further proceedings in *Fennelly I.*

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except Hecht and Appel, JJ., who take no part.