# In the Iowa Supreme Court

No. 24–0189

Submitted December 18, 2024—Filed February 21, 2025

**Michael Chandler, Eddie Jones,** and **Chad Maddison,** on behalf of themselves and all others similarly situated,

Appellants,

vs.

**Iowa Department of Corrections,**

Appellee.

Appeal from the Iowa District Court for Polk County, Coleman McAllister, judge.

The plaintiffs appeal the district court's granting of summary judgment on their claims under Iowa Code § 80F.1 against the Iowa Department of Corrections. **Affirmed.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Jim Duff (argued) and Thomas J. Duff of Duff Law Firm, P.L.C., West Des Moines, for appellants.

Brenna Bird, Attorney General; Breanne A. Stoltze (argued), Assistant Solicitor General; and Christopher J. Deist and Christine A. Louis (until withdrawal), Assistant Attorneys General, for appellee.

Charles Gribble and Christopher Stewart of Gribble Boles Stewart & Witosky for amicus curiae Iowa Professional Firefighters Association.

**McDermott, Justice.**

Iowa Code chapter 80F contains a "bill of rights" for peace officers that provides a range of procedural protections and remedies for officers, particularly surrounding investigations into complaints of alleged misconduct. The plaintiffs in this case—peace officers working for the Iowa Department of Corrections—allege they were each disciplined after an administrative investigation by their employer. After the Department imposed its discipline, the officers requested copies of witness statements and investigation reports involving their cases, but they allege that the Department refused to turn over the documents as chapter 80F requires. The officers filed a lawsuit against the Department seeking money damages and injunctive relief. The Department moved to dismiss the lawsuit, arguing that chapter 80F grants the officers no right to bring a cause of action against it. The district court granted the Department's motion and dismissed the case. In this appeal, we must decide whether officers have a right to sue their employing agency under chapter 80F.

In 2007, the legislature enacted the "Peace Officer, Public Safety, and Emergency Personnel Bill of Rights." 2007 Iowa Acts ch. 160 (codified at Iowa Code ch. 80F (2009)). Among other rights granted to peace officers, the statute provides that if an administrative investigation results in disciplinary action against an officer, "copies of any witness statements and the complete investigative agency's report shall be timely provided to the officer . . . upon request at the completion of the investigation." Iowa Code § 80F.1(9) (2023). The officers allege the Department violated this provision by failing to turn over witness statements and investigative reports related to their disciplinary cases despite their requests.

Iowa Code § 80F.1(13) describes an officer's right to sue for damages under chapter 80F:

> An officer shall have the right to bring a cause of action against any person, group of persons, organization, or corporation for damages arising from the filing of a false complaint against the officer or any other violation of this chapter including but not limited to actual damages, court costs, and reasonable attorney fees.

This subsection was amended, along with quite a few other subsections in chapter 80F, in 2021. *See* 2021 Iowa Acts ch. 183, §§ 17–20. Where § 80F.1(13) had previously stated "the right *to pursue civil remedies under the law*," the amended statute states "the right *to bring a cause of action*," and where it had previously stated "against *a citizen* arising from the filing of a false complaint against the officer," the amended statute states "against *any person, group of persons, organization, or corporation for damages* arising from the filing of a false complaint *or any other violation of this chapter including but not limited to actual damages, court costs, and reasonable attorney fees*." *Id.* § 18.

The officers argue that the 2021 amendments responded to an Iowa court of appeals opinion in 2011, which held that the pre-amendment iteration of chapter 80F did not create a private right of action for officers against their employing agency for violations of chapter 80F. *See Dautovic v. Bradshaw*, No. 09–1763, 2011 WL 1005432, at *1 (Iowa Ct. App. Mar. 21, 2011). In response, the State argues that the 2021 amendments had nothing to do with the court of appeals opinion, which came down a full decade earlier, but instead sprung from the legislature's desire to provide protections against frivolous reports of police misconduct after the nationwide protests that followed the murder of George Floyd by Minneapolis police.

But we need not speculate about legislative motivations to decide the question of statutory interpretation before us. "In questions of statutory

interpretation, '[w]e do not inquire what the legislature meant; we ask only what the statute means.' " *Com. Bank v. McGowen*, 956 N.W.2d 128, 133 (Iowa 2021) (alteration in original) (quoting Oliver Wendell Holmes, *The Theory of Legal Interpretation*, 12 Harv. L. Rev. 417, 419 (1899)). We derive a statute's meaning and purpose from the text, not from assumptions about the legal drafter's inspirations. As Justice Scalia neatly put the point, "The law *is* what the law *says* . . . ." *Bank One Chi., N.A. v. Midwest Bank & Tr. Co.*, 516 U.S. 264, 279 (1996) (Scalia, J., concurring).

Both parties offer some persuasive textual arguments about what the statute means. The officers begin by arguing that the word "person" in § 80F.1(13) requires us to apply the expansive definition found in Iowa Code § 4.1(20). Section 4.1 begins with an introductory clause that guides its application and is followed by various definitions and interpretive rules, including a definition of "person":

> In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:
>
> . . . .
>
> 20. *Person.* Unless otherwise provided by law, "*person*" means individual, corporation, limited liability company, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, or any other legal entity.

Iowa Code § 4.1(20). The officers argue that under § 4.1(20)'s definition, the Department, as a "government or governmental subdivision or agency," is a "person" and thus an officer may bring a cause of action against it under § 80F.1(13). The officers further argue that because the language in § 80F.1(13) authorizes a cause of action not only for false complaints but for "any other violation of this chapter," and because the other provisions of the chapter focus

on duties that the employing agency owes its officers, the "any other violation" language must mean that the agency falls within the definition of "person."

But as the State argues, the officers' attempt to define "person" using § 4.1(20) creates considerable dissonance when we read § 80F.1 in context. "Context is a primary determinant of meaning." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) [hereinafter Scalia & Garner, *Reading Law*] (discussing the whole-text canon). When we construe statutory text, we "consider the overall structure and context of the statute, not just specific words or phrases in a vacuum." *State v. Lopez*, 907 N.W.2d 112, 120 (Iowa 2018).

For starters, the definition of "person" in § 4.1(20) includes "corporation." But § 80F.1(13) separately lists "corporation," making its recitation a pointless redundancy if § 4.1(20)'s definition applies. Similarly, § 4.1 itself tells us that when we read statutes, unless otherwise specified, "the singular includes the plural." Iowa Code § 4.1(17); *see* Scalia & Garner, *Reading Law* 129 (discussing the gender/number canon). Yet § 80F.1(13) lists not merely "person" but "groups of persons." Restating "groups of persons" would be another needless addition if § 4.1(20)'s definition of "person" applies. And if "person" automatically incorporates everything in § 4.1(20), such as a corporation, government agency, estate, trust, partnership, and so on, the nature of what's described with "groups of persons" gets rather odd. It would be strange, for instance, to refer to "groups" of government agencies or "groups" of estates. *See* Scalia & Garner, *Reading Law* 140 (discussing the grammar canon).

When interpreting legal texts, "[w]e presume statutes or rules do not contain superfluous words." *Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Just.*, 867 N.W.2d 58, 75 (Iowa 2015) (alteration in original) (quoting *State v. McKinley*,

860 N.W.2d 874, 882 (Iowa 2015)); *see* Scalia & Garner, *Reading Law* 174 (discussing the surplusage canon). Applying the definition of "person" from § 4.1(20), as the officers say we must, requires us to assume that the legislature was adding superfluous words in its list of parties who could be sued.

And then, to compound the confusion, we must assume that in adding redundant language, the legislature was deceptively selective in the redundancies it chose. The list that follows "person" in § 80F.1(13) notably does *not* repeat "governmental subdivision or agency" from § 4.1(20). Nor does it include a more specific term used repeatedly in § 80F.1 itself—"the employing agency"—that would make the point equally obvious. When the legislature amended § 80F.1 in 2021 by adding the "cause of action" language, it also added several new subsections. *See* 2021 Iowa Acts ch. 183, §§ 19–20 (codified at Iowa Code § 80F.1(20)–(23) (Iowa 2022)). Three of those subsections impose additional obligations on an officer's employer. *See* Iowa Code § 80F.1(20)–(22). In each instance, the statute refers to the employer as "the employing agency." *Id.* A statute's meaning "is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned." *Roberts v. Roberts*, 6 N.W.3d 730, 738 (Iowa 2024) (quoting *State v. Hall*, 969 N.W.2d 299, 309 (Iowa 2022)); *see* Scalia & Garner, *Reading Law* 107 (discussing the negative-implication canon). The list of potential defendants includes only "person, group of persons, organization, or corporation" and does not include the "employing agency." *See* Iowa Code § 80F.1(13). The implication is that the employing agency cannot be sued.

Further, when interpreting the meaning of statutory language, we consider the language's relationship not only to other provisions of the same statute but also to other provisions of related statutes. *Vaudt v. Wells Fargo Bank, N.A.*,

4 N.W.3d 45, 50 (Iowa 2024). The legislature in other Code chapters has specifically included "agency" in a list when authorizing a cause of action against an agency. *See, e.g.*, Iowa Code § 235A.20 (authorizing a private cause of action under the Iowa Tort Claims Act and Municipal Tort Claims Act against "any person, *agency* or other recipient" that improperly disseminates or receives child abuse information (emphasis added)); *id.* § 692.6 (imposing liability under the Iowa Tort Claims Act and Municipal Tort Claims Act for "any person, *agency*, or *governmental body*" that improperly disseminates or receives child abuse information (emphasis added)); *cf. id.* § 232.75(2) (imposing criminal liability on any "person, official, *agency*, or institution" that knowingly and willfully fails to report suspected child abuse (emphasis added)). These other Code provisions, too, suggest that employing agencies are not subject to suit under § 80F.1(13).

All in all, we believe that the weight of the contextual clues points toward applying an ordinary definition of "person"—referring to an individual human—as opposed to the expansive definition found in § 4.1(20). It is worth recalling that even the introductory clause to § 4.1 counsels that we do not presume one of its definitions applies if such an application would be "repugnant to the context of the statute." *See also id.* § 4.1(38) ("Words and phrases shall be construed according to the context and the approved usage of the language . . . ."). Our best reading of the statute, in its full context, provides that an officer may only bring a cause of action against a listed party—a "person, group of persons, organization, or corporation"—and not a state agency.

To the extent any question on the subject remains, the Department argues that the absence of language in § 80F.1 exempting it from the requirements of Iowa's Administrative Procedure Act cements the point. Under chapter 17A, the pathway for a party to litigate an administrative dispute against an agency

requires compliance with the Administrative Procedure Act. The Act states that its provisions "shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." *Id.* § 17A.19. A party may avoid the Act's exclusive coverage of a claim only when another statute "*expressly* provide[s] otherwise . . . by referring to [Chapter 17A] *by name.*" *Id.* (emphasis added).

A lawsuit that challenges an agency's performance of a statutory duty constitutes an "agency action" under chapter 17A. *Id.* § 17A.2(2); *Tindal v. Norman*, 427 N.W.2d 871, 872 (Iowa 1998). The officers allege that the Department violated its statutory duty under § 80F.1(9) to provide them with copies of witness statements and investigation reports in their disciplinary matters. The officers thus present a challenge to an agency action generally covered under chapter 17A. To overcome chapter 17A's exclusivity and permit a direct cause of action, the Department contends that § 80F.1 must "expressly provide otherwise" by referring to chapter 17A "by name." *Id.* § 17A.19.

The officers concede that chapter 80F includes no reference to chapter 17A whatsoever, let alone any express provision displacing the procedures in § 17A.19. But they argue that no other statute provides the clear exemption the Department says is required, yet we have authorized private causes of action against agencies in many cases. The Department, in response, cites two statutes that it argues operate outside chapter 17A that do properly refer to chapter 17A by name. *See id.* § 216.16(1) ("This provision also applies to persons claiming to be aggrieved by an unfair or discriminatory practice committed by the state or an agency or political subdivision of the state, notwithstanding the terms of the Iowa administrative procedure Act, chapter 17A."); *id.* § 70A.28(5), (6) (providing that "an action in district court" is an alternative to a hearing "conducted in

accordance with the rules of the public employment relations board and the Iowa administrative procedure Act, chapter 17A"). The officers argue that although both statutes mention chapter 17A, neither of them provides the exemption language that § 17A.19 suggests.

The officers further argue that our holding in *Walsh v. Wahlert* shows that § 17A.19's exclusive-remedy language is unnecessary when another statute expressly creates a cause of action. 913 N.W.2d 517, 525 (Iowa 2018). In *Walsh,* an employee (an administrative law judge) at a state agency alleged that the agency's director was attempting to unlawfully convert his merit-based position to non-merit-based. *Id.* at 518–19. The employee disclosed the director's plans to other government officials. *Id.* Shortly after, the agency laid off the employee, stating that the move was necessary because of a budget shortfall. *Id.* at 519.

Believing that his firing was pretextual, the employee in *Walsh* sued, bringing a cause of action for (among others) retaliation against both the agency director and the State of Iowa under § 70A.28 (colloquially known as Iowa's "whistleblower-protection statute"). *Id.* The district court granted summary judgment against the employee, holding that chapters 8A (which provides administrative remedies to merit employees) and 17A (the Administrative Procedure Act) provided the exclusive means to challenge the director's action. *Id.* at 521. On appeal, we reversed the summary judgment ruling. *Id.* at 525. Although we acknowledged that chapter 17A provided the exclusive remedies for common law claims, we concluded that because "the legislature has expressly created independent statutory causes of action in the alternative to chapter 17A-type review, judicial review of agency action under the administrative procedures act is not the exclusive means of obtaining judicial review." *Id.*

But our holding in *Walsh* doesn't take us as far as the officers suggest. The remedies language in § 70A.28 (the whistleblower-protection statute at issue in *Walsh*) and the remedies in the language in § 80F.1 are not worded alike. We explained in *Walsh* that § 70A.28 "is *an unusual case* in which we have a statute that expressly creates an independent cause of action in the alternative to administrative remedies under Iowa Code chapter 17A." *Id.* (emphasis added). Section 70A.28 refers to chapter 17A as offering an alternate remedy. *See* Iowa Code § 70A.28(6) ("Subsection 2 may also be enforced by an employee through an administrative action . . . . The hearing shall otherwise be conducted in accordance with the rules of the employment appeal board and the Iowa administrative procedure Act, chapter 17A.").

Yet § 80F.1 contains no similar language that even mentions chapter 17A, let alone "expressly creat[ing] an independent cause of action in the alternative to administrative remedies under Iowa Code chapter 17A." *Walsh,* 913 N.W.2d at 525. Section 80F.1 is not the "unusual case" that we confronted in *Walsh* in which the whistleblower statute granted an option to pursue a private right of action or to proceed directly under chapter 17A. By never mentioning chapter 17A, § 80F.1 leaves us little indication that it is setting up an alternate path to chapter 17A's requirements. The failure in § 80F.1 even to acknowledge chapter 17A's otherwise-exclusive remedies counsels against reading § 80F.1(13) as providing a right of action against an agency outside § 17A's requirements.

We thus conclude that the officers' claims against their employing agency based on § 80F.1(9) do not find a direct path to the courthouse through the private cause of action in § 80F.1(13), and we affirm the district court's granting of summary judgment in the Department's favor.

**Affirmed.**